| Fill in this information to identify your case: | |
|---|---|
| United States Bankruptcy Court for the: SOUTHERN DISTRICT OF FLORIDA | |
| Case number *(if known)* | Chapter **11** |

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy 06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| 1. | Debtor's name | **Delphi Behavioral Health Group, LLC** | |
|---|---|---|---|
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 81-0762076 | |
| 4. | **Debtor's address** | **Principal place of business** **1901 West Cypress Creek Road, Ste. 500 Fort Lauderdale, FL 33309** Number, Street, City, State & ZIP Code **Broward** County | **Mailing address, if different from principal place of business** P.O. Box, Number, Street, City, State & ZIP Code **Location of principal assets, if different from principal place of business** Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | | |
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) ☐ Partnership (excluding LLP) ☐ Other. Specify: | |

| Debtor | Delphi Behavioral Health Group, LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

- ■ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☐ None of the above

B. *Check all that apply*

- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__6232__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11. *Check **all** that apply*:
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

- ■ No.
- ☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |

Debtor **Delphi Behavioral Health Group, LLC**        Case number (*if known*) _____
      Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**
☐ No
■ Yes.

List all cases. If more than 1, attach a separate list

Debtor **See Exhibit 1 attached**    Relationship _____

District _____    When _____    Case number, if known _____

**11. Why is the case filed in *this district*?**
*Check all that apply:*
■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**
■ No
☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)
☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____
☐ It needs to be physically secured or protected from the weather.
☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
☐ Other _____

**Where is the property?** _____
    Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.    Insurance agency _____
    Contact name _____
    Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**    *Check one:*
■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**
☐ 1-49
☐ 50-99
■ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**
☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
■ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

Debtor **Delphi Behavioral Health Group, LLC** Case number (*if known*)
Name

| | | |
|---|---|---|
| 16. Estimated liabilities | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million<br>■ $10,000,001 - $50 million<br>☐ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |

| Debtor | Delphi Behavioral Health Group, LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **February 6, 2023**
MM / DD / YYYY

X **/s/ Edward A. Phillips**          **Edward A. Phillips**
Signature of authorized representative of debtor          Printed name

Title **Interim Chief Executive Officer**

**18. Signature of attorney**

X **/s/ Paul Steven Singerman**          Date **February 6, 2023**
Signature of attorney for debtor          MM / DD / YYYY

**Paul Steven Singerman 378860**
Printed name

**Berger Singerman LLP**
Firm name

**1450 Brickell Avenue**
**Suite 1900**
**Miami, FL 33131**
Number, Street, City, State & ZIP Code

Contact phone **305-755-9500**          Email address **singerman@bergersingerman.com**

**378860 FL**
Bar number and State

Official Form 201          **Voluntary Petition for Non-Individuals Filing for Bankruptcy**          page 5

## EXHIBIT 1 to Voluntary Petitions[1]

| Debtor Name | EIN | Date Filed | Case Number | District |
|---|---|---|---|---|
| Delphi Behavioral Health Group, LLC | 81-0762076 | February 6, 2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| 61 Brown Street Holdings, LLC | 38-3950007 | February 6, 2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| Aloft Recovery LLC | 46-3746674 | February 6, 2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| Banyan Recovery Institute, LLC | 46-3866998 | February 6, 2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| Breakthrough Living Recovery Community, LLC | 82-4265966 | February 6, 2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| California Addiction Treatment Center LLC | 47-2837655 | February 6, 2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| California Vistas Addiction Treatment LLC | 82-1258272 | February 6, 2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| DBHG Holding Company, LLC | 81-1466574 | February 6, 2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| Defining Moment Recovery Community, LLC | 82-4253532 | February 6, 2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| Delphi Health BuyerCo, LLC | 82-2442325 | February 6, 2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| Delphi Health Group, LLC | 32-0440570 | February 6, 2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| Delphi Intermediate HealthCo, LLC | 82-2736378 | February 6, 2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| Delphi Management LLC | 85-4126474 | February 6, 2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |

---

[1] For a detailed description of the relationship amongst the Debtors listed herein, please refer to the *Declaration of Edward A. Phillips in Support of Chapter 11 Petitions and First Day Pleadings*.

11759121-1

| Debtor Name | EIN | Date Filed | Case Number | District |
|---|---|---|---|---|
| Desert View Recovery Community, LLC | 83-4347437 | February 6, 2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| DR Parent, LLC | 84-4572700 | February 6, 2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| DR Sub, LLC | 84-4518183 | February 6, 2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| Las Olas Recovery LLC | 80-0809082 | February 6, 2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| Maryland House Detox, LLC | 37-1761626 | February 6, 2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| New Perspectives, LLC | 37-1880508 | February 6, 2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| Next Step Housing LLC | 82-1186975 | February 6, 2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| Ocean Breeze Detox, LLC | 47-3657019 | February 6, 2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| Ocean Breeze Recovery, LLC | 45-3949621 | February 6, 2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| Onward Living Recovery Community, LLC | 82-4214735 | February 6, 2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| Palm Beach Recovery, LLC | 81-3914459 | February 6, 2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| Peak Health NJ, LLC | 46-5077286 | February 6, 2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| QBR Diagnostics, LLC | 46-1127835 | February 6, 2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| Rogers Learning, LLC | 26-2371699 | February 6, 2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |

| Debtor Name | EIN | Date Filed | Case Number | District |
|---|---|---|---|---|
| SBH Haverhill, LLC | 47-3360971 | February 6, 2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| SBH Union IOP LLC | 46-3584139 | February 6, 2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| Summit at Florham Park, LLC | 46-5048226 | February 6, 2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| Summit Behavioral Health Limited Liability Company | 45-3913337 | February 6, 2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| Summit Health BuyerCo, LLC | 82-2452762 | February 6, 2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| Summit IOP Limited | 46-2734567 | February 6, 2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |
| Union Fresh Start LLC | 46-3566841 | February 6, 2023 | Pending | U.S. Bankruptcy Court, Southern District of Florida (Fort Lauderdale Division) |

OMNIBUS WRITTEN CONSENT
FOR
DR PARENT, LLC, AND
DR SUB, LLC AND ITS DIRECT AND INDIRECT SUBSIDIARIES

**February 4, 2023**

The undersigned, being the sole manager (the "Manager") of Banyan Recovery Institute, LLC, a Florida limited liability company ("Banyan"), and being the sole member of the Special Committee (the "Special Committee") of DR Parent, LLC, a Delaware limited liability company ("Parent"), for Parent and in Parent's capacity as the sole Managing Member of DR Sub, LLC, a Delaware limited liability company ("DR Sub"), for DR Sub and in DR Sub's capacity as the sole member of Delphi Intermediate HealthCo, LLC, a Delaware limited liability company ("Delphi Intermediate") and Delphi Management LLC, a Delaware limited liability company ("Delphi Management"); and Delphi Intermediate, in its capacity as the sole member of each of Delphi Health BuyerCo, LLC, a Delaware limited liability company ("Delphi Health") and Summit Health BuyerCo, LLC, a Delaware limited liability company ("Summit Health"); and Delphi Health, in its capacity as the sole member of DBHG Holding Company, LLC, a Delaware limited liability company ("DBHG"); and DBHG, in its capacity as the sole member of Delphi Behavioral Health Group, LLC, a Delaware limited liability company ("Delphi Behavioral"); and Delphi Behavioral, in its capacity as the sole member of each of Breakthrough Living Recovery Community, LLC, a Delaware limited liability company ("Breakthrough"), Defining Moment Recovery Community, LLC, a Delaware limited liability company ("Defining Moment"), Onward Living Recovery Community, LLC, a Delaware limited liability company ("Onward Living"), New Perspectives, LLC, a Delaware limited liability company ("New Perspectives"), Ocean Breeze Recovery, LLC, a Florida limited liability company ("OBR"), Las Olas Recovery, LLC, a Florida limited liability company ("Las Olas"), Delphi Health Group, LLC, a Delaware limited liability company ("DHG"), Ocean Breeze Detox, LLC, a Florida limited liability company ("Ocean Breeze"), Next Step Housing LLC, a Florida limited liability company ("Next Step"), Palm Beach Recovery, LLC, a Florida limited liability company ("PBR"), and Rogers Learning, LLC, a Florida limited liability company ("Rogers"); and DHG, in its capacity as the sole member of each of California Addiction Treatment Center LLC, a Delaware limited liability company ("CATC"), Aloft Recovery LLC, a Delaware limited liability company ("Aloft"), Maryland House Detox, LLC, a Delaware limited liability company ("MHD"), and Desert View Recovery Community, LLC, a Delaware limited liability company ("Desert View"); and CATC, in its capacity as the sole member of California Vistas Addiction Treatment LLC, a Delaware limited liability company ("CVAT"); and Summit Health, in its capacity as the sole member of each of Summit Behavioral Health Limited Liability Company, a New Jersey limited liability company ("Summit Behavioral"), SBH Haverhill, LLC, a Massachusetts limited liability company ("SBHH"), Summit IOP Limited, a Pennsylvania limited liability company ("Summit IOP"), Peak Health NJ, LLC, a New Jersey limited liability company ("Peak Health"), QBR Diagnostics, LLC, a New Jersey limited liability company ("QBR"), Summit at Florham Park, LLC, a New Jersey limited liability company ("SFP"), SBH Union IOP LLC, a New Jersey limited liability company ("SBHU"), Union Fresh Start LLC, a New Jersey limited liability company ("Union Fresh"), and 61 Brown Street Holdings, LLC, a Massachusetts limited liability company ("Brown Street"),

1

(each of DR Sub, Delphi Intermediate, Delphi Management, Delphi Health, Summit Health, DBHG, Delphi Behavioral, Breakthrough, Defining Moment, Onward Living, New Perspectives, OBR, Las Olas, DHG, Ocean Breeze, Next Step, PBR, Rogers, Banyan, CATC, Aloft, MHD, Desert View, CVAT, Summit Behavioral, SBHH, Summit IOP, Peak Health, QBR, SFP, SBHU, Union Fresh, and Brown Street sometimes being referred to as a "Subsidiary" and collectively as the "Subsidiaries," and each of Parent and Subsidiaries sometimes being referred to as a "Company" and collectively, as the "Companies") does hereby waive all formal requirements, including the necessity of holding a formal or informal meeting, and any requirements for notice, and pursuant to the applicable state limited liability company act and pursuant to the limited liability company agreement or operating agreement of each Company, does hereby consent in writing to the adoption of the following resolutions, taking such action by this written consent (this "Written Consent") in lieu of a meeting of the Special Committee, with effect from the time of the execution of this Written Consent by the signatory set forth below on the date set forth above (the "Effective Time").

WHEREAS, the Special Committee has reviewed and considered the operational condition of the Companies and the business of the Companies on the date hereof, including the historical performance of the Companies, the assets of the Companies, the current and long-term liabilities of the Companies, the liquidity of the Companies, the strategic alternatives available to the Companies, and the impact of the foregoing on the business, creditors and other parties in interest of the Companies; and

WHEREAS, the Special Committee has received, reviewed and considered the recommendations of the legal and financial advisors of the Companies as to the relative risks and benefits of seeking relief under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 et seq., the "Bankruptcy Code"), and the Special Committee has had an opportunity to consult with the legal and financial advisors of the Companies and has considered each of the strategic alternatives available to the Companies; and

WHEREAS, the Special Committee has received, reviewed, and considered entering into a commitment for debtor-in-possession financing on or about February 6, 2023, for a senior secured super priority debtor-in-possession financing credit facility in an aggregate amount up to $11,000,000 (the "DIP Facility"), the Special Committee has received and reviewed the credit agreement and other documents relating to the DIP Facility (collectively, the "DIP Credit Agreement") with the lenders set forth therein, and the Special Committee agrees that the Companies should obtain the benefits of the DIP Facility and desire that the Companies enter into the DIP Credit Agreement; and

WHEREAS, in connection with the Chapter 11 bankruptcy cases, the Special Committee has received, reviewed, and considered entering into the that certain Asset Purchase Agreement, by and among Lender AcquisitionCo LLC, a Delaware limited liability company (the "Buyer"), and Union Fresh Start, LLC, d/b/a Serenity at Summit, Summit Behavioral Health Limited Liability Company, d/b/a Summit Behavioral Health Princeton Junction and SBH Haverhill, LLC, d/b/a Serenity at Summit New England (collectively, the "Sellers") (the "Asset Purchase Agreement"), whereby the Sellers propose to sell, transfer and assign to Buyer, and Buyer proposes to purchase, acquire and assume from the Sellers, the Purchased Assets and Assumed Liabilities

(as such terms are defined in the Asset Purchase Agreement), and the Special Committee agrees that the Sellers should obtain the benefits of the Asset Purchase Agreement and desire that the Sellers enter into the Asset Purchase Agreement, subject to any higher and better bids as may be submitted by other interested parties, if any, in accordance with the bid and sale procedures as may be approved by the Bankruptcy Court with jurisdiction over the bankruptcy cases the Companies intend to commence; and

WHEREAS, the Special Committee, on behalf of the Sellers, has reviewed the Asset Purchase Agreement, and the terms and provisions thereof, as well as all documents related thereto and/or contemplated thereby, and believe that (i) the Companies will receive substantial benefit by the Sellers entering into the Asset Purchase Agreement and consummating the transactions contemplated therein, and (ii) it is fair, advisable and in the best interests of the Companies to approve the terms and provisions thereof, as well as all documents related thereto and/or contemplated thereby (collectively, the "Transaction Documents"), the execution, delivery and performance of same and each of the transactions contemplated thereby (collectively, the "Transaction"); and

WHEREAS, in the business judgment of the Special Committee, it is in the best interests of the Companies, their creditors, employees, and other parties in interest that a petition be filed by each Company seeking relief under the provisions of the Bankruptcy Code; and

WHEREAS, the Special Committee desires that the Companies file or cause to be filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Petitions") and the following resolutions are hereby adopted by this Written Consent:

I.   Chapter 11 Cases

IT IS THEREFORE RESOLVED, that the Special Committee hereby approves the filing of Petitions on behalf of the Companies in the United States Bankruptcy Court for the Southern District of Florida (collectively, the "Chapter 11 Cases") on or about February 6, 2023; and it is further

RESOLVED, that appropriate employees and consultants of the Companies are hereby authorized, directed and empowered (i) to file the Petitions for the Companies, (ii) to commence the Chapter 11 Cases, and (iii) to execute and deliver any and all documents and to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper and necessary to effect any of the foregoing; and it is further

RESOLVED, that the Special Committee hereby authorizes the sole member of the Special Committee and/or the interim chief executive officer of the Companies (collectively, the "Authorized Officers"), and each of them, acting alone or in any combination, on behalf of the Companies, to prepare, execute and/or verify and to cause to be filed, and any other applicable officer, be and each hereby is, authorized to attest to, any and all documents required by, necessary or appropriate to, the filing and administration of the Chapter 11 Cases, including but not limited to the Petitions, as well as all other ancillary documents (including, but not limited to, petitions, schedules, statements, lists, motions, applications, DIP Credit Agreement(s), the Transaction

3

Documents, objections, responses, affidavits, declarations, complaints, pleadings, disclosure statements, plans of reorganization or liquidation and other papers or documents), including but not limited to, any amendments, modifications or supplements thereto (collectively, the "Chapter 11 Documents"); and it is further

RESOLVED, that any of the Authorized Officers, who may act without the joinder of any other officer, is hereby authorized to execute and deliver the Chapter 11 Documents in the name and on behalf of each of the Companies and otherwise to take all actions (including, without limitation, (i) negotiate, execute, deliver, and file any agreement, certificate, or other instrument or document, (ii) pay any retainer or consideration for any professional retained by the Companies in the Chapter 11 Cases, and (iii) pay other expenses as any such Authorized Officer may deem necessary, appropriate, or advisable (such acts to be conclusive evidence that such Authorized Officer deemed the same to be necessary, appropriate, or advisable) in order to commence and administer the Chapter 11 Cases, and all acts of the Authorized Officer taken pursuant to the authority granted herein, or having occurred prior to the date hereof in order to effect such transactions, are hereby approved, adopted, ratified, and confirmed in all respects; and it is further

II.     Retention of Professionals

RESOLVED, that the Special Committee hereby approves and ratifies the employment by the Companies of the law firm of Berger Singerman LLP ("Berger Singerman"), to represent the Companies as their general bankruptcy counsel and to assist the Companies in carrying out their duties under the Bankruptcy Code and all related matters, and to take any and all actions appropriate to advance the Companies' rights, including the preparation of pleadings and filings in the Chapter 11 Cases; and in connection therewith, the Authorized Officers be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Companies to execute appropriate retention agreements with Berger Singerman, pay appropriate retainers to Berger Singerman prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Berger Singerman; and it is further

RESOLVED, that the Special Committee hereby reapproves and ratifies the employment by the Companies of Getzler Henrich & Associates ("GH"), to provide the restructuring and other services detailed therein to the Companies, and to provide the services of an Interim Chief Executive Officer, all pursuant to the retention agreement dated December 22, 2022 and as restated on January 25, 2023, and in connection therewith, the Authorized Officers be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Companies to execute appropriate retention agreements with GH, pay appropriate retainers to GH prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of GH; and it is further

RESOLVED, that the retention of Epiq Corporate Restructuring, LLC ("Epiq") pursuant to the retention agreement having an effective date of January 10, 2023, the payment of any retainers, and the approval of any matters related thereto, be and hereby are ratified, adopted and approved in all respects as the acts and deeds of the Companies, and the Authorized Officers, and

each of them, hereby are authorized and directed to immediately upon and after the filing of the Chapter 11 Cases, execute and cause to be filed an application for authority to retain Epiq as the Companies' notice and claims agent; and it is further

RESOLVED, that the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Companies to employ any other individual and/or firm as professionals or consultants or financial advisors to the Company as are deemed necessary to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and in connection therewith, the Authorized Officers acting alone or in any combination, hereby are, authorized, directed and empowered, on behalf of and in the name of the Companies, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application for authority to retain the services of such firms; and is further

III.     Debtor-in Possession Financing

RESOLVED, that the Authorized Officers be, and hereby are, authorized, directed, and empowered, on behalf of and in the name of the Companies, (A) to obtain post-petition financing according to the terms negotiated by the senior management of the Companies, including under debtor-in-possession credit facilities or relating to the use of cash collateral, and (B) to secure the payment and performance of any post-petition financing by (i) pledging or granting liens and mortgages on, or security interest in, all or any portion of the Companies' assets, including all or any portion of the issued and outstanding capital stock, partnership interests, or membership interests of any subsidiaries of the Companies, whether now owned or hereafter acquired, and (ii) entering into or causing to be entered into such security agreements, pledge agreements, control agreements, intercreditor agreements, mortgages, deeds of trust and other agreements as are necessary, appropriate, or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate or desirable by the Authorized Officer executing the same, the execution thereof by such Authorized Officer to be conclusive evidence of such approval or determination; and it is further

RESOLVED, that the form, terms, and provisions of the DIP Facility, the DIP Credit Agreement, and each of the other DIP Facility Documents (as defined below), and the Companies' incurrence and performance of their obligations under the DIP Facility, the DIP Credit Agreement, and each of the other DIP Facility Documents (as defined below), including any borrowings thereunder, granting of liens on, or security interests in, all or any portion of the Companies' assets as provided therein, and the consummation of the transactions contemplated thereby, be, and hereby are, in all respects authorized and approved; and further resolved, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver, and to cause the Companies to incur and perform their respective obligations under the DIP Facility and the DIP Credit Agreement and each of the agreements, documents, and instruments contemplated by any of the foregoing or requested by the DIP Facility lenders in connection with any of the DIP Facility (together with the DIP Credit Agreement, the "DIP Facility Documents"), in the name and on behalf of the Companies under their seals or otherwise, substantially in the forms presented to the Special Committee, with such changes therein and modifications and amendments thereto as

any Authorized Officer may in his or her sole discretion approve, which approval shall be conclusive evidenced by his or her execution thereof; and it is further

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, amendments and restatements, supplements, modifications, renewals, extensions, replacements, consolidations, substitutions, and extensions of the DIP Facility and the DIP Facility Documents that shall in their sole judgment be necessary, proper or advisable; and it is further

RESOLVED, that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the DIP Credit Agreement and any of the other DIP Facility Documents be, and hereby are, in all respects confirmed, approved, and ratified; and it is further

IV.  Asset Purchase Agreement

RESOLVED, the Special Committee finds and deems the Transaction to be fair to, and desirable and in the best interests of, the Companies and hereby, as described further in the resolutions that follow, authorize and approve in all respects the Asset Purchase Agreement, the Transaction Documents, and the consummation of the Transaction, and it is further resolved, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver, and to cause the applicable Companies to incur and perform their respective obligations under the Asset Purchase Agreement and the Transaction Documents, subject to any higher and better bids as may submitted by other interested parties, if any, in accordance with the bid and sale procedures as may be approved by the Bankruptcy Court with jurisdiction over the bankruptcy cases the Companies intend to commence; and it is further

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, amendments and restatements, supplements, modifications, schedules, exhibits, renewals, extensions, replacements, consolidations, substitutions, and extensions of the Asset Purchase Agreement and the Transaction Documents that shall in their sole judgment be necessary, proper or advisable; and it is further

RESOLVED, that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the Asset Purchase Agreement and any of the other Transaction Documents be, and hereby are, in all respects confirmed, approved, and ratified; and it is further

V.  General Authorizations and Ratifications

RESOLVED, that the Authorized Officers be, and each of them acting alone or in any combination is, hereby authorized, directed and empowered from time to time in the name and on behalf of the Companies, to (i) take such further actions and execute and deliver or cause to be executed and delivered, where necessary or appropriate, file (or cause to be filed) with the appropriate governmental authorities all such other certificates, instruments, guaranties, notices and documents as may be required or as such Authorized Officer may deem necessary, advisable

or proper to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements and the like, (ii) perform the obligations of the Companies under the Bankruptcy Code, the DIP Facility, the DIP Credit Agreement, any other DIP Facility Documents, the Asset Purchase Agreement, and any other Transaction Documents, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the Authorized Officer performing or executing the same shall approve, and the performance or execution thereof by such Authorized Officer shall be conclusive evidence of the approval thereof by such officer and by the Companies, and (iii) incur and pay such fees, expenses and other amounts as in his, her or their judgment shall be necessary, proper or advisable in order to fully carry out the intent and accomplish the purposes of each of the foregoing resolutions; and it is further

RESOLVED, that the Authorized Officers be, and each of them acting alone is, hereby authorized, directed and empowered from time to time in the name and on behalf of each of the Companies, to adopt resolutions and otherwise exercise the rights and powers of the Companies as such Authorized Officer may deem necessary, appropriate or desirable; and that thereupon such resolutions shall be deemed adopted as and for the resolutions of the applicable Companies; and it is further

RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts would have been approved by the foregoing resolutions except that such actions were taken prior to the execution of these resolutions, are hereby in all respects, confirmed, ratified and approved; and it is further

RESOLVED, that these resolutions and actions shall be the actions of the Special Committee, and the Chief Executive Officer of Parent is hereby directed to place this Written Consent with the records of the proceedings of the Special Committee and with the records of each Company; and it is further

RESOLVED, that this Written Consent may be executed and delivered by electronic transmission with the same effect as delivery of an original.

[SIGNATURES ON FOLLOWING PAGES]

IN WITNESS WHEREOF, the undersigned has caused this Written Consent to be duly executed and delivered as of the date first above written.

Special Committee of DR PARENT, LLC,
for itself and on behalf of each Subsidiary

_____
Harvey Tepner


Banyan Recovery Institute, LLC

_____
Harvey Tepner, Manager

*[Signature Page to Written Consent]*