UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

DELPHI BEHAVIORAL HEALTH
GROUP, LLC, *et al.*,[1]

          Debtors.

_____/

Chapter 11 Cases

Case No. 23-_____

(Joint Administration Pending)

**DEBTORS' APPLICATION FOR APPROVAL OF THE EMPLOYMENT OF
PAUL STEVEN SINGERMAN AND THE LAW FIRM OF BERGER
SINGERMAN LLP AS COUNSEL TO THE DEBTORS-IN-POSSESSION,
EFFECTIVE AS OF THE PETITION DATE**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by

and through their proposed undersigned counsel, pursuant to 11 U.S.C. § 327(a), Fed. R. Bankr.

P. 2014(a) and 2016, and Local Rules 2014-1(A) and 2016-1(A), hereby file this *Debtors'*

*Application for Approval of the Employment of Paul Steven Singerman and the Law Firm of*

*Berger Singerman LLP as Counsel to the Debtors-in-Possession, Effective as of the Petition*

*Date* (the "Application"), seeking approval of the employment of the law firm of Berger

Singerman LLP ("BSLLP"), to represent the Debtors-in-Possession as counsel in these chapter

---

[1]  The address of the Debtors is 1901 West Cypress Creek Road, Suite 500, Fort Lauderdale, FL 33309.  The last four digits of the Debtors' federal tax identification numbers are: (i) Delphi Behavioral Health Group, LLC (2076), (ii) 61 Brown Street Holdings, LLC (0007), (iii) Aloft Recovery LLC (6674), (iv) Banyan Recovery Institute, LLC (6998), (v) Breakthrough Living Recovery Community, LLC (5966), (vi) California Addiction Treatment Center LLC (7655), (vii) California Vistas Addiction Treatment LLC (8272), (viii) DBHG Holding Company, LLC (6574), (ix) Defining Moment Recovery Community, LLC (3532), (x) Delphi Health BuyerCo, LLC (2325), (xi) Delphi Health Group, LLC (0570), (xii) Delphi Intermediate HealthCo, LLC (6378), (xiii) Delphi Management LLC (6474), (xiv) Desert View Recovery Community, LLC (7437), (xv) DR Parent, LLC (2700), (xvi) DR Sub, LLC (8183), (xvii) Las Olas Recovery LLC (9082), (xviii) Maryland House Detox, LLC (1626), (xix) New Perspectives, LLC (0508), (xx) Next Step Housing LLC (6975), (xxi) Ocean Breeze Detox, LLC (7019), (xxii) Ocean Breeze Recovery, LLC (9621), (xxiii) Onward Living Recovery Community, LLC (4735), (xxiv) Palm Beach Recovery, LLC (4459), (xxv) Peak Health NJ, LLC (7286), (xxvi) QBR Diagnostics, LLC (7835), (xxvii) Rogers Learning, LLC (1699), (xxviii) SBH Haverhill, LLC (0971), (xxix) SBH Union IOP LLC (4139), (xxx) Summit at Florham Park, LLC (8226), (xxxi) Summit Behavioral Health Limited Liability Company (3337), (xxxii) Summit Health BuyerCo, LLC (2762), (xxxiii) Summit IOP Limited (4567), and (xxxiv) Union Fresh Start LLC (6841).

11 cases.  In support of the Application, the Debtors rely upon the *Declaration of Edward A. Phillips in Support of Chapter 11 Petitions and First Day Pleadings* (the "<u>First Day Declaration</u>") filed concurrently herewith and incorporated herein and the *Declaration of Paul Steven Singerman, on Behalf of Berger Singerman LLP as Proposed Counsel to the Debtors-In-Possession, Effective as of the Petition Date* attached hereto as **Exhibit "A"** (the "<u>Singerman Declaration</u>"), and respectfully represent the following:

## Jurisdiction and Venue

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are section 327(a) of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Local Rules 2014-1(A) and 2016-1(A).

## Background

4.      On the date hereof (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code.

5.      The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

6.      For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the First Day Declaration.

## Relief Requested

7.      The Debtors believe that it is in the best interests of their estates to retain BSLLP as counsel in these chapter 11 cases.  The Debtors believe that the attorneys of BSLLP are

qualified to practice in this Court and are qualified to advise the Debtors on their relations with, and responsibilities to, the creditors and other interested parties. The professional services that BSLLP will render include, but are not limited to, the following:

(a)    To give advice to the Debtors with respect to their powers and duties as debtors-in-possession and the continued management of their business operations;

(b)    To advise the Debtors with respect to their responsibilities in complying with the United States Trustee's Operating Guidelines and Reporting Requirements and with the rules of the Court;

(c)    To prepare motions, pleadings, orders, applications, adversary proceedings, and other legal documents necessary in the administration of these chapter 11 cases;

(d)    To protect the interests of the Debtors in all matters pending before the Court; and

(e)    To represent the Debtors in negotiations with their creditors and in the preparation of a plan.

## **Authority for Relief**

8.    The Debtors seek retention of BSLLP as their counsel pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval;

> …may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

9.    Bankruptcy Rule 2014(a) requires that an application for retention include:

> …specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection,

> the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

10.     For all of the reasons stated in this Application and the First Day Declaration, the Debtors believe that it is in the best interests of their estates to retain BSLLP as general counsel in these chapter 11 cases.

11.     To the best of the Debtors' knowledge, except as disclosed in the Singerman Declaration, neither Paul Steven Singerman ("Singerman") nor BSLLP has any connection with the creditors or other parties in interest or their respective attorneys.   As set forth in the Singerman Declaration, to the best knowledge of Singerman, neither Singerman nor BSLLP represents any interest adverse to the Debtors.

12.     The Singerman Declaration, containing a verified statement as required under Rule 2014 of the Federal Rules of Bankruptcy Procedure, is attached and demonstrates that under these circumstances, Singerman and BSLLP are disinterested as required by Section 327(a) of the Bankruptcy Code.

13.     BSLLP will apply for compensation and reimbursement of costs, pursuant to Sections 330 and 331 of the Bankruptcy Code, at its ordinary rates, as they may be adjusted from time to time, for services rendered and costs incurred on behalf of the Debtors.

14.     In accordance with Local Rule 2014-1, attached as **Exhibit "B"** is the Berger Singerman engagement letter.

**WHEREFORE**, the Debtors respectfully request entry of an order in the form attached hereto as **Exhibit "C"**: (i) approving the Debtors' employment of Paul Steven Singerman and the law firm of Berger Singerman LLP, as general counsel to the Debtors in these chapter 11 cases, effective as of the Petition Date; and (ii) for such other and further relief as the Court deems just and proper.

Dated:  February 6, 2023                    Respectfully submitted,

DELPHI BEHAVIORAL HEALTH GROUP, LLC,
*et al.*, Debtors
1901 West Cypress Creek Road
Suite 500
Fort Lauderdale, FL 33309

By: /s/  *Edward A. Phillips*
          Edward A. Phillips
          Interim Chief Executive Officer

# EXHIBIT "A"

**(Singerman Declaration)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                    Chapter 11 Cases

DELPHI BEHAVIORAL HEALTH                   Case No. 23-_____
GROUP, LLC, *et al.*,[1]
                                                          (Joint Administration Pending)

       Debtors.

_____/

### DECLARATION OF PAUL STEVEN SINGERMAN ON BEHALF OF BERGER SINGERMAN LLP, AS PROPOSED COUNSEL TO THE DEBTORS-IN-POSSESSION, EFFECTIVE AS OF THE PETITION DATE

1.      I am Paul Steven Singerman.  I am an attorney and through my professional

association corporation, a member of the law firm of Berger Singerman LLP ("Berger Singerman").

Our firm maintains offices for the practice of law at 1450 Brickell Avenue, Suite 1900, Miami, FL

33131; 201 E. Las Olas Boulevard, Suite 1500, Fort Lauderdale, Florida 33301; 313 North Monroe

Street, Suite 301, Tallahassee, FL 32301 and 525 Okeechobee Boulevard, Suite 1250, West Palm

Beach, FL 33401.  I am familiar with the matters set forth herein and make this Declaration in

support of the *Debtors' Application for Approval of the Employment of Paul Steven Singerman and*

---

[1]    The address of the Debtors is 1901 West Cypress Creek Road, Suite 500, Fort Lauderdale, FL 33309.  The last four digits of the Debtors' federal tax identification numbers are: (i) Delphi Behavioral Health Group, LLC (2076), (ii) 61 Brown Street Holdings, LLC (0007), (iii) Aloft Recovery, LLC (6674), (iv) Banyan Recovery Institute, LLC (6998), (v) Breakthrough Living Recovery Community, LLC (5966), (vi) California Addiction Treatment Center, LLC (7655), (vii) California Vistas Addiction Treatment, LLC (8272), (viii) DBHG Holding Company, LLC (6574), (ix) Defining Moment Recovery Community, LLC (3532), (x) Delphi Health BuyerCo, LLC (2325), (xi) Delphi Health Group, LLC (0570), (xii) Delphi Intermediate HealthCo, LLC (6378), (xiii) Delphi Management LLC (6474), (xiv) Desert View Recovery Community, LLC (7437), (xv) DR Parent, LLC (2700), (xvi) DR Sub, LLC (8183), (xvii) Las Olas Recovery, LLC (9082), (xviii) Maryland House Detox, LLC (1626), (xix) New Perspectives, LLC (0508), (xx) Next Step Housing, LLC (6975), (xxi) Ocean Breeze Detox, LLC (7019), (xxii) Ocean Breeze Recovery, LLC (9621), (xxiii) Onward Living Recovery Community, LLC (4735), (xxiv) Palm Beach Recovery, LLC (4459), (xxv) Peak Health NJ, LLC (7286), (xxvi) QBR Diagnostics, LLC (7835), (xxvii) Rogers Learning, LLC (1699), (xxviii) SBH Haverhill, LLC (0971), (xxix) SBH Undion IOP, LLC (4139), (xxx) Summit at Florham Park, LLC (8226), (xxxi) Summit Behavioral Health Limited Liability Company (3337), (xxxii) Summit Health BuyerCo, LLC (2762), (xxxiii) Summit IOP Limited (4567), and (xxxiv) Union Fresh Start, LLC (6841).

11889252-2

*the Law Firm of Berger Singerman LLP as Counsel to the Debtors-In-Possession, Effective as of the Petition Date* (the "Application").

2.     In support of the Application, I disclose the following:

(a)     Unless otherwise stated, this Declaration is based upon facts of which I have personal knowledge.

(b)     In preparing this Declaration, I and others working with me on these cases reviewed lists of the creditors and interested parties of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), as provided by the Debtors, consisting of the following: (i) the employees of one or more of the Debtors[2]; (ii) the accounts payable vendors of one or more of the Debtors; (iii) the utility providers of one or more of the Debtors; (iv) the secured creditors of one or more of the Debtors; (v) the taxing authorities of one or more of the Debtors; (vi) the insurance providers of one or more of the Debtors; (vii) the officers, directors and equity security holders of the Debtors; (viii) the non-debtor parties to pending litigation matters to which one or more of the Debtors is a party; (ix) the Debtors' landlords and lessors, as well as the results of UCC and judgment lien searches[3] conducted in the various states where one or more of the Debtors operate.  I caused our accounting department to compare the information obtained thereby with the information contained in our law firm's client and adverse party conflict check index system.  The facts stated in this Declaration as to the relationship between other lawyers in our law firm and the Debtors, the Debtors' creditors, the United States Trustee, other persons employed by the Office of the United States Trustee, and those persons and entities who are defined as disinterested persons in Section 101(14) of the Bankruptcy Code are based on the results of my review of our firm's conflict check

---

[2]   The use of the phrase "one or more of the Debtors" in this Declaration is because not all of the Debtors have employees, taxing authorities, pending litigation, landlords, etc.

[3]   Results of UCC and lien searches were provided by King & Spalding LLP, counsel to Brightwood Loan Services LLC, as Administrative Agent.

index system.  Specifically, I have caused to be (i) conducted a computer search of our firm's records in respect of all of the names referred to in the first sentence of this paragraph 2(b) and (ii) disseminated a written request for information to all of the attorneys in our firm regarding connections to the Debtors and the creditors of the Debtors.  Based upon such search, our firm does not represent any entity in a matter which would constitute a conflict of interest or impair the disinterestedness of Berger Singerman in these cases.

3.     Berger Singerman's client and adverse party conflicts check system is comprised of records regularly maintained in the course of business of the firm and it is the regular practice of the firm to make and maintain these records.  It reflects entries that are noted in the system at the time the information becomes known by persons whose regular duties include recording and maintaining this information.  I regularly use and rely upon the information contained in the system in the performance of my duties with the law firm and in my practice of law.

4.     A search of our firm's conflicts check system revealed the following matters, none of which impairs my or our firm's disinterestedness or constitutes any conflict of interest:

a)     Prior to the filing of these bankruptcy cases, the Debtors had initially retained the firm of FTI Consulting, Inc. ("FTI") to provide restructuring management services.  Berger Singerman has worked on a number of matters in which FTI has been involved, both as a co-advisor and as an advisor to an adverse party. From 2000 to 2017, Berger Singerman served as counsel to Keith F. Cooper, a Senior Managing Director at FTI, in his capacity as Responsible Person for the bankruptcy estate of CHS Electronics, Inc. (Case No. 00-12731-BKC-RAM). The CHS Electronics case has been closed since 2017. I am a friend of Mr. Cooper. I am also a friend of Mr. Dragelin and Mr. Arrowsmith (each of whom was involved in FTI's representation of the Debtors) and other FTI professionals and from time to time I and others at Berger Singerman socialize with FTI

professionals.  Over the years, I have been invited to attend conferences hosted by FTI, and I have attended several of those conferences over the years (but not for several years);

b)      The Debtors have retained, subject to the approval of this Court, the firm of Getzler Henrich & Associates LLC ("GH") to provide financial advisory services, including providing an Interim Chief Executive Officer, Edward A. Phillips. Berger Singerman currently represents and has represented various clients in matters wholly unrelated to these bankruptcy cases in which GH has served in a financial advisory or investment banking capacity.  Berger Singerman has also represented a number of clients whose interests are adverse to clients represented by GH in matters wholly unrelated to these bankruptcy cases.  In addition, I have both personal and professional relationships with members of GH, including William Henrich and other GH professionals who continue to render financial advisory services to the Debtors;

c)      King & Spalding, LLP ("K&S") is counsel to Brightwood Loan Services LLC, in its capacity as agent for one or more of its Brightwood affiliates and other pre-petition lenders to the Debtors ("Brightwood") in these bankruptcy cases.  Berger Singerman previously represented K&S in matters that are wholly unrelated to these bankruptcy cases, which have been closed.  Berger Singerman has (i) represented a client in an out-of-court restructuring matter in which K&S also represented an affiliate of Brightwood, (ii) represented a number of clients whose interests were adverse to the interests of clients represented by K&S, and (iii) worked on cases and matters as co-counsel and opposing counsel to K&S, in matters wholly unrelated to these bankruptcy cases.  In addition, for many years I have had both a personal and professional relationship with Roger Schwartz, the K&S lawyer who is the lead attorney for Brightwood in these cases, as well as numerous other K&S lawyers from various K&S offices who have not been involved in these cases to date;

d)        As referred to in Paragraph 4 c)(ii) above, from in or about November 2019 to July 2020, Berger Singerman represented a borrower of Brightwood Capital Advisors, an affiliate of Brightwood, in an out of court restructuring matter;

e)        *ASD Specialty Healthcare, LLC d/b/a Besse Medical* ("ASD Specialty") is listed as a creditor or interested party of one or more of the Debtors.  Berger Singerman has represented *ASD Specialty* in matters wholly unrelated to the instant bankruptcy cases.  In addition, Berger Singerman has represented a number of clients who are adverse to *ASD Specialty* in that they have incurred a debt to *ASD Specialty* in matters wholly unrelated to the instant bankruptcy cases;

f)        *American Express Company* is listed as a creditor or interested party of one or more of the Debtors.  Berger Singerman has represented *American Express* in matters wholly unrelated to the instant bankruptcy cases.  In addition, Berger Singerman has represented a number of clients who are adverse to *American Express* in that they have incurred a debt to *American Express* in matters wholly unrelated to the instant bankruptcy cases;

g)        *AT&T* is listed as a creditor or interested party of one or more of the Debtors.  Berger Singerman has represented *AT&T* in matters wholly unrelated to the instant bankruptcy cases.  In addition, Berger Singerman has represented a number of clients who are adverse to *AT&T* in that they have incurred a debt to *AT&T* in matters wholly unrelated to the instant bankruptcy cases;

h)        *Lloyds at London* is listed as a creditor or interested party of the Debtors.  Berger Singerman has represented *Lloyds at London* in a matter wholly unrelated to the instant bankruptcy cases.  In addition, Berger Singerman has represented a number of clients who are adverse to *Lloyds of London* in that they have incurred a debt to *Lloyds of London* in matters wholly unrelated to the instant bankruptcy cases;

i)      *Cigna Healthcare of Florida, Inc.* is listed as a creditor or interested party of one or more of the Debtors.  Berger Singerman has represented *Cigna Healthcare* in a matter wholly unrelated to the instant bankruptcy cases.  In addition, Berger Singerman has represented a number of clients who are adverse to *Cigna Healthcare* in that they have incurred a debt to *Cigna Healthcare* in matters wholly unrelated to the instant bankruptcy cases;

j)      *Comcast* is listed as a creditor or interested party of one or more of the Debtors.  Berger Singerman represents *Comcast Corporation* in matters wholly unrelated to the instant bankruptcy cases.  In addition, Berger Singerman has represented a number of clients who are adverse to *Comcast* in that they have incurred a debt to *Comcast* in matters wholly unrelated to the instant bankruptcy cases;

k)      *Key Bank National Association* is listed as a creditor or interested party of one or more of the Debtors.  Berger Singerman has represented *Key Bank* in matters wholly unrelated to the instant bankruptcy cases.  In addition, Berger Singerman has represented a number of clients who are adverse to *Key Bank* in that they have incurred a debt to *Key Bank* in matters wholly unrelated to the instant bankruptcy cases;

l)      *Pitney Bowes Credit Corporation* is listed as a creditor or interested party of one or more of the Debtors.  Berger Singerman has represented *Pitney Bowes* in a matter wholly unrelated to the instant bankruptcy cases. In addition, Berger Singerman has represented a number of clients who are adverse to *Pitney Bowes* in that they have incurred a debt to *Pitney Bowes* in matters wholly unrelated to the instant bankruptcy cases;

m)      There are numerous creditors or interested parties of one or more of the Debtors which have been creditors of, or adverse to, other entities represented by Berger Singerman in cases and matters wholly unrelated to the instant bankruptcy cases.  These entities are: *ADT*

Commercial, Aetna, Airways Cleaning and Fireproofing Co. of Florida, Inc., Allied World Surplus Lines Insurance Company, Amerigas, Anne Arundel County, Argonaut Insurance Company, Bank Direct Capital Finance, LLC, Broward County Tax Collector, Cablevision, Christian & Small LLP, City of Pembroke Pines, City of West Palm Beach, Coverys Specialty Insurance Company, De Lage Landen, Delaware Secretary of State, Endurance American Specialty Insurance, Fedex, Florida Power & Light, Franchise Tax Board, Google, Greatamerica Leasing Corp., Harvard Maintenance, Henry Schein, Inc., Homeland Insurance Company of New York, Hudson Insurance Company, Indian Harbor Insurance Company, Iron Mountain, Inc., Kipu Systems, LLC, Marlin Business Bank, Markel American Insurance Company, Miami-Dade Tax Collector, Motion Elevator, Inc., McDermott Will Emergy LLP, McKesson Medical Surgical, National Fire Marine Insurance Company, National Liability Fire Insurance Company, New Jersey Division of Taxation, New Horizon Communications, Office Depot, Orkin, Palm Beach County Tax Collector, Progressive Casualty Insurance Co., Promed Inc., Quest Diagnostics, San Diego Gas & Electric, Service American Indemnity Company, Shred-It, South Carolina Department of Revenue, Southern California Edison, Sparkletts, Stanley Convergent, Staples, State of New Jersey, Stream Kim Hicks Wrage & Alfaro, PC, State of California Employment Development Department, Time Warner Cable, Travelers Casualty Surety Co. of America, Uline, United Healthcare Ins. Co., United States Treasury, Vector Security, Verizon Communications, Waste Management, Waste Pro, Waterlogic, Westchester Surplus Lines Insurance Company and Western Exterminator Company;

n)    Individuals by the names of Edgar Martinez, Paul Borrelli, David Barnes, Sarah Harris, Jose Martinez, Daniel Martinez, Maria Morales, Carlos Batisa Gonzalez, Joe Rodriguez, Stephen Cohen, Robert Burnett, Carlos Gonzalez, Joseph Halpern, Joseph Johnson, Peter Leonard, Maria Diaz, John Buck, Fred Martinez, Juan Ruiz, Robert Miller, Pedro Romero,

*Maria Solis, Joseph Perez, Robert Johnson, Christopher Jones, Michael Kennedy, James Smith, Richard Clark, Michael Woods, John Smith, Megan Miller, Tasha Martin, John Robinson, Valeria Hernandez* and *Robert Marc Schwartz* are listed as creditors or interested parties of the Debtors. Berger Singerman formerly represented individuals who have the same names.  It is impossible for our firm to confirm with certainty that the individuals formerly represented by Berger Singerman are the same individuals who are creditors or interested parties of the Debtors;

o)        Individuals by the names of *Anthony Perez, Carlos Rivera, Corey Thompson, Debra Foster, Diana Reyes, Donna Jones, Ernie Sanchez, Evelyn Shepherd, Heather Lee, Jennifer Gonzalez, Joseph Russo, Lindsay Morrison, Luis Sanchez, Michael Angel, Michael Perez, Nicole Pearson, and Sebastian Espinola,* (collectively, the "Individuals") are listed as creditors or interested parties of one or more of the Debtors.  Berger Singerman has represented third parties in wholly unrelated matters whose interests may have been adverse to one or more of the Individuals.  It is impossible for our firm to confirm with certainty that the individuals associated with the third-party representations, are the same Individuals listed as creditors or interested parties of one or more of the Debtors; and

p)        Berger Singerman represents privately held as well as public companies in out of court restructuring matters (the "Non-Debtor Clients").  Several creditors of the instant Debtors may be creditors of one or more of our firm's Non-Debtor Clients.  Berger Singerman's representation of the Non-Debtor Clients does not impair Berger Singerman's disinterestedness or its ability to represent the Debtors in these cases.

5.        Berger Singerman submits that none of the foregoing representations or connections constitutes a conflict of interest or in any way impairs its disinterestedness in these cases.

6.      Other than as set forth in this declaration, Berger Singerman neither holds nor represents any interest adverse to the Debtors and is a "disinterested person" within the scope and meaning of Section 101(14) of the Bankruptcy Code.

7.      Neither I nor our firm has or will represent any other entity in connection with these cases, and neither I nor our firm will accept any fee from any other party or parties in these cases, except the Debtors-in-Possession, unless otherwise authorized by the Court.

8.      On August 31, 2022, DR Parent, LLC and its affiliates (collectively, the "Debtors") retained Berger Singerman to act as their counsel in connection with restructuring matters.  On September 1, 2022, Berger Singerman received an initial retainer from the Delphi Behavioral Health Group, LLC in the amount of $100,000.00 (the "Initial Retainer"), which was deposited into a trust account of Berger Singerman.

9.      On September 27, 2022, Berger Singerman received a payment of $7,461.49 from the Debtors, which was applied toward payment of its pre-petition fees and expenses incurred.

10.      On November 8, 2022, Berger Singerman received a payment of $87,377.70 from the Debtors, which was applied toward payment of its pre-petition fees and expenses incurred.

11.      On November 15, 2022, Berger Singerman received the sum of $212,622.29 from the Debtors, which was applied toward payment of its pre-petition fees and expenses incurred.

12.      On November 28, 2022, Berger Singerman received the sum of $326,051.00 from the Debtors, which was applied toward payment of its pre-petition fees and expenses incurred.

13.      On December 27, 2022, Berger Singerman received the sum of $498,346.50 from the Debtors, which was applied toward payment of its pre-petition fees and expenses incurred.

14.     On February 2, 2023, in anticipation of the filing of these chapter 11 cases on February 6, 2023, Berger Singerman received the sum of $ 834,092.00 from the Debtors, along with the $100,000 initial retainer referred to in Paragraph 8 above, which was applied as follows:

a)     $150,000 was retained in our firm's trust account to be held as a retainer for fees and costs incurred in these chapter 11 cases and to be disbursed in accordance with Orders of this Court;

b)     $59,092.00 was held in trust be used to pay the filing fees of the 34 Debtors before this Court in these bankruptcy cases;

c)     The initial $100,000 retainer referred to in Paragraph 8 above and the remaining $625,000 received from the Debtors on February 2, 2023, was applied in reduction of the fees and costs Berger Singerman incurred in the representation of the Debtors from January 1, 2023, through February 5, 2023 (and the unpaid balance of thereof has been waived by Berger Singerman).

15.     The professional fees and costs incurred by Berger Singerman in the course of its representation of the Debtors in these cases shall be subject in all respects to the application and notice requirements of 11 U.S.C.  §§ 327, 330 and 331 and FRBP 2014 and 2016.

16.     The current hourly rates for the attorneys at Berger Singerman range from $395.00 to $800.00.  The current hourly rates of Paul Steven Singerman, Robin Rubens and Paul Avron, the partners who will be principally responsible for Berger Singerman's representation of the Debtors, are $800.00, $650.00 and $650.00, respectively, and the current hourly rates of the associate attorneys who may work on this matter range from $395.00 to $575.00 per hour.  The current hourly rates for the legal assistants and paralegals at Berger Singerman range from $85.00 to $295.00. Berger Singerman typically adjusts its hourly rates annually on January 1st.

17.     There is no agreement of any nature, other than the shareholder agreement of our firm, as to the sharing of any compensation to be paid to the firm.  No promises have been received by Berger Singerman nor any member or associate thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

18.     No attorney in our firm holds a direct or indirect equity interest in the Debtors, including stock or stock warrants, or has a right to acquire such an interest.

19.     No attorney in our firm is or has served as an officer, director or employee of the Debtors within two years before the Petition Date.

20.     No attorney in our firm is in control of the Debtors or is a relative of a general partner, director, officer or person in control of the Debtors.

21.     No attorney in our firm is a general or limited partner of a partnership in which the Debtors are also a general or limited partner.

22.     No attorney in our firm is or has served as an officer, director or employee of a financial advisor that has been engaged by the Debtors in connection with the offer, sale or issuance of a security of the Debtors, within two years before the Petition Date.

23.     No attorney in our firm has represented a financial advisor of the Debtors in connection with the offer, sale or issuance of a security of the Debtors within three years before the filing of the petition.

24.     No attorney in the firm has any other interest, direct or indirect, that may be affected by the proposed representation.

25.     Except as forth herein, no attorney in our firm has had or presently has any material connection with the captioned Debtors, the Debtors' creditors, any other party in interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the

Office of the United States Trustee (but the undersigned and many employees of Berger Singerman have personal relationships and friendships with attorneys at the Office of the United States Trustee in the Southern District of Florida), on any matters in which the firm is to be engaged, except that I, our law firm, and our attorneys (i) may have appeared in the past, and may appear in the future, in other cases in which one or more of said parties may be involved; and (ii) may represent or may have represented certain of the Debtors' creditors in matters unrelated to these cases.

## U.S. TRUSTEE GUIDELINES

26.     Berger Singerman will make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee's Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases (the "Guidelines"), both in connection with this Application and with any fee applications filed by Berger Singerman in these chapter 11 cases.

27.     The following is provided in response to the request for additional information set forth in Paragraph D.1 of the Guidelines:

a.     **Question**: Did Berger Singerman agree to any variations from, or alternatives to, Berger Singerman's standard billing arrangements for this engagement?

**Answer**: No, except that in the course of Berger Singerman's prepetition representation of the Debtors, Berger Singerman has offered the Debtors courtesy discounts in its discretion in respect of certain monthly invoices and as set forth in Paragraph 14. c) above, Berger Singerman waived certain fees and costs due to it in connection with its prepetition services. The rate structure provided by Berger Singerman is appropriate and comparable to (a) the rates that Berger Singerman charges for non-bankruptcy representations and (b) the rates of other comparably skilled professionals.

b.     **Question**: Do any of the Berger Singerman professionals in this engagement vary their rate based on the geographic location of the Debtors' chapter 11 cases?

**Answer**:  No.

c.      **Question**:  If Berger Singerman has represented the Debtors in the 12 months prepetition, disclose Berger Singerman's billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If Berger Singerman's billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

**Answer**:  Berger Singerman's current hourly rates for services rendered on behalf of the Debtors are set forth above.  These rates have been used since January 1 of this year.  During the prior calendar year, Berger Singerman used the following rates for services rendered on behalf of the Debtors: attorneys range from $395 - $800 per hour; and law clerks or paralegals range from $85 - $295 per hour.

d.      **Question**:  Have the Debtors approved Berger Singerman's budget and staffing plan and, if so, for what budget period?

**Answer**:  Yes.  Berger Singerman has provided the Debtors with a prospective budget and staffing plan setting forth the types of timekeepers, numbers thereof, and applicable hourly rates it expects during the chapter 11 cases, which have been approved by the Debtors.  The budget and staffing plan cover the period from the Petition Date to April 28, 2023.

28.      This concludes my Declaration.

### **28 U.S.C § 1746 Declaration**

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on February 5, 2023

*/s/ Paul Steven Singerman*
Paul Steven Singerman

# EXHIBIT "B"

**(Engagement Letter)**

# ≡ BERGER SINGERMAN

Jordi Guso
(305) 714-4375
jguso@bergersingerman.com

August 31, 2022

**VIA ELECTRONIC MAIL OCONNOR@BRIGHTWOODLP.COM**

DR Parent, LLC
c/o Brightwood Capital Advisors, LLC
810 Seventh Avenue, 26th Floor
New York, NY 10019
Attn: Ms. Kristan M. O'Connor
Chair, Board of Directors

      Re:     Engagement of Berger Singerman LLP

Dear Ms. O'Connor:

      We are pleased to confirm your decision to engage our law firm to act as legal counsel for DR Parent, LLC and the direct and indirect subsidiaries listed on the attached **Exhibit A** ("You")[1] in connection with the restructuring matters which may include, without limitation, a sale, wind-down or restructuring of the business, in whole or in parts, which may involve one or more Court-supervised proceedings (the "Matter"). We will not appear in any adversarial proceedings for You, and we will not file a bankruptcy case for You, without reaching a further written agreement on a mutually acceptable additional security retainer.

      We have agreed that our engagement is limited to our performance of services directly related to the Matter.

      This engagement is a joint representation. The benefits of this joint representation are straightforward: each client will share the expense of legal representation and an efficient, unified and effective handling of all actions, charges or claims should result. A potential detriment to the joint representation is the possibility that a conflict of interest may develop that may require a subsequent separation of representation. At the present time, based on the facts presented to us, it does not appear that any conflicts of interest exist between or among You. Please contact us immediately if any of You become aware that a conflict between or among You has arisen, or if there are any changes in circumstances any of You believe we ought to evaluate to determine whether such a conflict has arisen.

      Should a conflict between or among any of You come to our attention during the course of this joint representation, we will make each of You aware of the conflict and, based upon the nature of the conflict, our relationship at the time, and the applicable rules, all or some of You may be required to obtain other counsel. In such a case, any confidences or other information shared in

---

[1] The terms "you" and "your" in this letter refer to the client(s) specifically identified in this letter and on Exhibit A hereto.

11619744-4



DR Parent, LLC
August 31, 2022
Engagement of Berger Singerman LLP
Page 2 of 14

connection with this joint representation, as well as the legal advice given, would not be protected by the attorney-client privilege in any dispute between or among You. The possibility of such conflicts arising at some future point obviously presents certain disadvantages inherent in a multiple representation that You might want to consider or discuss with independent counsel, prior to agreeing to this joint representation. Please contact us immediately if You become dissatisfied with this arrangement at any point.

We understand that we are to take directions from Kristan M. O'Connor of such other person as she may designate hereafter in writing (the "Representative") on this joint representation. Unless otherwise instructed, we will direct our invoices for this joint representation to the Representative to facilitate prompt payments. However, by signing this engagement letter, each of You agrees to be jointly and severally responsible for all fees and expenses owing to our law firm for this engagement.

By executing this letter agreement, each of You consents to our Firm's joint representation under the terms set forth in this letter. Should any of You at some later time wish to revoke Your consent, You agree to do so by terminating our representation at that time, but such termination will not require us to discontinue our representation of any of the other clients that are jointly represented in this matter at that time.

Because we are not Your general counsel, our acceptance of this engagement does not involve an undertaking to represent You or Your interests in any other matter. We may agree with You to limit or expand the scope of our representation in the Matter from time to time, provided that any such change in scope is confirmed by us in writing (including via email). This letter, including the enclosed Standard Terms of Engagement that are expressly made a part hereof, shall govern this current engagement and Your future engagements of our services in any other matters.

We believe a mutual understanding of the scope, terms and conditions of our representation is fundamental to establishing a good working relationship between our law firm and You. This letter and the enclosed Standard Terms of Engagement describe the terms and conditions on which our firm will provide legal services to You. We do not and will not represent any person or entity other than You in the Matter, regardless of any direct or indirect affiliation with You, unless we expressly agree to do so in writing.

1.    **Our Fees for Services.** Our services will be provided on an hourly basis; the billing rates for our attorneys, law clerks and paralegals vary depending upon levels of experience. The current billing rates of our attorneys range from $300.00 per hour to $765.00 per hour. Time spent by any law clerk or paralegal is currently charged at $135.00-$275.00 per hour. You will be charged for the time actually and reasonably expended by our attorneys, paraprofessionals and legal assistants at their normal hourly rates. Periodically, our hourly rates are reviewed and may be adjusted to reflect increases in our basic costs, increased experience of the individuals involved, and for other similar reasons. As explained in the enclosed Standard Terms of Engagement, other factors also may be taken into consideration in determining our fees.

11619744-4

≣ **BERGER SINGERMAN**



DR Parent, LLC
August 31, 2022
Engagement of Berger Singerman LLP
Page 3 of 14

You will also be invoiced for disbursements and charges in connection with our representation, including without limitation charges for telephone calls, copying/printing, courier services, travel and lodging expenses, court reporting, expert fees, costs of investigation, computer-assisted research charges, postage, local counsel charges and other incidental expenses. We may pass along to You certain charges for Your direct payment to the vendor.

    2.    **Security Retainer.** We have requested a $100,000.00 security retainer. All security retainer monies will be held by our firm as security for the prompt payment of the invoices rendered and will be applied to the last outstanding invoice at the conclusion of our representation of You. Of course, to the extent that our fees and costs at the conclusion of the engagement are less than the security retainer, we will refund the difference to You. We reserve the right to request an additional security retainer because of (i) the amount of the fees and costs we are expending on Your behalf, (ii) the amount of fees and costs we anticipate will likely be expended given the ongoing nature of the matter, and/or (iii) the manner in which our invoices are being paid.

    3.    **Consent to Our Representation of Others.** You and we agree and understand that this is not an exclusive agreement. As is the case with any law firm, we may from time to time represent one client whose interests may conflict with those of another client. For example, we may represent You in a matter and, at the same time, we may represent another client adverse to You in a substantially unrelated matter, provided that we reasonably believe that we will be able to provide competent and diligent representation to You and the other client. As part of our engagement, You consent in advance to such concurrent representations (and agree not to seek our disqualification as a result). You should consider obtaining the advice of independent counsel regarding the implications of this consent. By executing this agreement, You consent to our concurrent representations under these conditions.

    4.    **No Guaranteed Results.** During the course of our representation, we may express opinions or beliefs concerning the Matter, alternative courses of action, outcome of this Matter, or the existence of events or circumstances that may affect anticipated results or impact the ultimate resolution of a dispute. Although we shall endeavor to provide conscientious and diligent services to You, all representations and expressions relative to this Matter do not constitute guarantees due to the uncertainty of all legal matters. The payment of our fees and expenses is not contingent or dependent upon any particular consummation or result.

    5.    **Standard Terms of Engagement.** Additional information regarding fees and other important matters appears in the enclosed Standard Terms of Engagement, which are incorporated as part of this letter. You should review the enclosed Standard Terms of Engagement carefully before agreeing to engage us.

After You have had an opportunity to review this engagement letter including the enclosed Standard Terms of Engagement, please do not hesitate to call me with any questions or comments You may have. We do not assume any professional responsibilities to You until this engagement letter has been fully executed by You and us, and we have received any requested security retainer.

11619744-4

$\mathref{≣}$ **BERGER SINGERMAN**



DR Parent, LLC
August 31, 2022
Engagement of Berger Singerman LLP
Page 4 of 14


This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Counterparts may be delivered via facsimile, electronic mail or other transmission method; may bear signatures affixed through .pdf or any electronic signature platform complying with the U.S. federal ESIGN Act of 2000 (e.g., www.docusign.com), and any counterpart so delivered shall be deemed to have been duly and validly executed and delivered and shall be valid and effective for all purposes. If this engagement letter meets with Your approval, please sign in the space provided and return the original executed letter along with the security retainer to me:

We look forward to representing You in this Matter.

Sincerely,

BERGER SINGERMAN LLP

Jordi Guso


Agreed to, and Accepted by:

**DR PARENT, LLC** and on behalf of the subsidiaries listed on the attached **Exhibit A**

Signed:
Printed Name: Kristan M. O'Connor
Title: Board Chair - DR Parent, LLC
Email Address: oconnor@brightwoodip.com
Date: 8/31/22

11619744-4

≣ BERGER SINGERMAN

DR Parent, LLC
August 31, 2022
Engagement of Berger Singerman LLP
Page 5 of 14

BILLING INFORMATION:

Your invoices will be delivered to You electronically to the e-mail address above. However, if You prefer invoices to go to a different billing contact, please complete the following:

Billing Contact: _____

E-mail address of Billing
Contact: _____

Please check here ☐ if You need an additional copy of Your Invoices to be mailed regular mail. We will mail Your invoices to the address shown above unless You provide us a different billing address below:

Billing Address:

_____
_____
_____

11619744-4

≣ BERGER SINGERMAN



DR Parent, LLC
August 31, 2022
Engagement of Berger Singerman LLP
Page 6 of 14

## EXHIBIT A

61 Brown Street Holdings, LLC
Aloft Recovery, LLC
Banyan Recovery Institute, LLC
Breakthrough Living Recovery Community, LLC
California Addiction Treatment Center, LLC
California Vistas Addiction Treatment, LLC
DBHG Holding Company, LLC
Defining Moment Recovery Community, LLC
Delphi Behavioral Health Group, LLC
Delphi Health BuyerCo, LLC
Delphi Health Group, LLC
Delphi Health Holdings, LLC
Delphi Intermediate HealthCo, LLC
Delphi Management LLC
Desert View Recovery Community, LLC
DR Sub, LLC
Las Olas Recovery, LLC
Maryland House Detox, LLC
New Perspectives, LLC
Next Step Housing, LLC
Ocean Breeze Detox, LLC
Ocean Breeze Recovery, LLC
Onward Living Recovery Community, LLC
Palm Beach Recovery, LLC
Peak Health NJ, LLC
QBR Diagnostics, LLC
Rogers Learning, LLC
SBH Haverhill, LLC
SBH Union IOP, LLC
Summit at Florham Park, LLC
Summit Behavioral Health, LLC
Summit Health BuyerCo, LLC
Summit IOP Limited
Trinity Rehab Group, LLC
Union Fresh Start, LLC

11619744-4

## ≤ BERGER SINGERMAN



Engagement of Berger Singerman LLP
Page 7 of 14

## *Standard Terms of Engagement*

Unless modified in writing by mutual agreement, these standard terms of our engagement as Your lawyers will be an integral part of our agreement with You.  Therefore, we ask that You review this document carefully and contact us promptly if You have any questions.

### No Representation of Your Affiliates

You have agreed that our representation of You does not give rise to a lawyer-client relationship between our Firm and any of Your affiliates.  Accordingly, representation of You will not give rise to any conflict of interest (or cause for our disqualification) in the event other clients of the Firm are adverse to any of Your affiliates.

### Client Responsibilities

You agree to pay our invoices for services and expenses as provided below.  In addition, you agree to be candid and cooperative with us and will keep us informed with complete and accurate factual information, documents and other communications relevant to the subject matter of our representation or otherwise reasonably requested by us.  We must necessarily rely on the accuracy and completeness of the information You and Your agents provide to us.

Because it is important that we are able to contact You at all times to consult with You, please inform us in writing of any changes in Your mailing address, e-mail address or telephone number, or changes in the name, address, telephone number, contact person, e-mail address, state of incorporation or other relevant changes regarding any of Your businesses.  Whenever we need Your instruction or authorization in order to proceed with legal work on Your behalf, we will contact You at the latest business address we have received from You.  If You affiliate with, acquire, are acquired by, or merge with another client, please provide us with sufficient notice to permit us to withdraw as Your lawyers if we determine that such affiliation, acquisition, or merger creates an irreconcilable conflict of interest between any of our other clients and the other party to such affiliation, acquisition, or merger, or if we determine that it is not in the best interests of the Firm to represent the new entity.

### No Assignment

Because our relationship with you is personal in nature, our duties to you and your resulting rights or claims shall not be assignable or assigned to another person or entity, and unless we expressly agree otherwise in a writing signed by you and us, no third party shall be considered as a beneficiary of our services to you.

### In-House Litigation Support Services

Electronic discovery and the use of technology has become a significant component of adversarial proceedings, and can be quite costly to clients.  Although third party vendors offer

11619744-4



DR Parent, LLC
August 31, 2022
Engagement of Berger Singerman LLP
Page 8 of 14

technical litigation support, we offer in-house litigation support services that may be more economical to our clients than outside vendors. We welcome the opportunity to share with You information about our in-house litigation support services and staff, including the technologies they use. The pricing for this service is a one-time $250 charge for database set up and a $12/GB monthly storage fee for matters whose data equals or exceeds 5GB of storage. Matters whose data is smaller than 5GB will not be charged the monthly storage fee.

### Billing Arrangements and Terms of Payment

We wish to preview a legal issue that bears upon the bankruptcy security retainer that we will require if You elect to seek relief under Chapter 11 of the Bankruptcy Code. If Your Chapter 11 case is converted to a case under Chapter 7 or a trustee is appointed in Your Chapter 11 case, the Bankruptcy Court may not permit us or perhaps other of the Your advisors to be compensated out of money or property constituting property of the Your bankruptcy estate. Therefore, we will fix the amount of a bankruptcy security retainer based upon, and in reliance upon, (i) our firm being paid for the fees and costs incurred prior to the filing of the bankruptcy case in preparation for the filing, and (ii) our firm being granted leave to withdraw if Your case were to be converted to a Chapter 7 or if a Chapter 11 trustee were to be appointed. Accordingly, You understand that if a Chapter 11 trustee is appointed, or the Chapter 11 case is converted to a case under Chapter 7, we will seek leave to withdraw from our representation and our services on behalf of You will immediately cease. In such event, You agree not to interpose any objection to our motion for leave to withdraw.

We will invoice You for services rendered, disbursements and charges posted on our books on a monthly basis, or such other periodic basis as we may determine, and will expect payment within thirty days. In the event You do not object to any invoice we issue within 20 days after issuance, You agree that each invoice is accurate and reasonable and shall be considered an account stated, and You waive any right to object later to the accuracy or reasonableness of our services rendered or the amount due.

Interest will accrue at the rate of one percent per month on invoices outstanding more than thirty days. If You fail to pay any monthly invoices, we may, in our sole discretion, cease to represent You, and may apply the security retainer to Your outstanding invoices.

For Your convenience, You may make security retainer deposits or pay our invoices using any of the following credit cards: Visa, MasterCard, American Express or Discover. In the event You elect to use a credit card, You may access our online payment portal by visiting https://www.bergersingerman.com/info/client-tools/. Only You, or your designee, may authorize a charge to your credit card with respect to legal services rendered by the Firm. Such authorization will constitute your agreement to pay the amount charged and the charges are valid and reasonable.



**BERGER SINGERMAN**



DR Parent, LLC
August 31, 2022
Engagement of Berger Singerman LLP
Page 9 of 14

### Privileged Communications Exchanged by Electronic Means

You acknowledge that the Firm's attorneys and staff sometimes communicate with You, and Your professionals and agents, by cellular phone, text messaging, videoconferencing and/or electronic mail, and that such communications are capable of being intercepted by others. You and the Firm expressly disclaim any intention to limit or waive legal protections afforded to their communications by using any electronic means. You agree to inform the Firm if You desire that privileged matters not be discussed through such electronic means. You agree to inform the Firm in advance if You wish to institute a system to encode all e-mail communication between the Firm and You, or Your professionals or agents, or otherwise to limit or prohibit the use of electronic means of communication during the engagement.

### Sharing and Executing Documents by Electronic Means

You acknowledge that the Firm's attorneys and staff may sometimes share documents and information with You, and/or Your professionals and agents, by electronic means (including facsimile, electronic mail or cloud-based platforms such as Sharefile), and also may seek your signature on documents by electronic means (e.g. .pdf or any electronic signature complying with the U.S. federal ESIGN Act of 2000, e.g., www.docusign.com). You consent to the Firm's use of electronic means to share documents and information (and obtain signatures thereon) although such electronic communications are capable of being intercepted by others. You and the Firm expressly disclaim any intention to limit or waive legal protections afforded to their communications by using any electronic means. You agree to inform the Firm in writing if You desire that the Firm not share any documents and information (or obtain any signatures thereon) through electronic means.

### Public Relations and Marketing

Often times we refer to our public/non-confidential representations on our website and in public press releases. By executing our engagement letter, You agree that we may use Your name in our materials as a client. We will never publish any matters or details which are confidential in nature.

### In-Firm Privilege

From time to time, issues arise relating to legal ethics or our duties under the professional conduct rules that apply to lawyers. These might include, e.g., conflict of interest issues, and could even include issues raised because of a dispute between us and a client over the handling of a matter. Normally, when such issues arise, we seek the advice of our firm counsel, who is an expert in such matters. We consider such consultations to be attorney-client privileged communications between firm personnel and the counsel for the firm. A few courts, however, have held that under some circumstances such communications involve a conflict of interest between the client and our firm and

11619744-4

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI
FLORIDA 33131

 **BERGER SINGERMAN**



DR Parent, LLC
August 31, 2022
Engagement of Berger Singerman LLP
Page 10 of 14

that our consultation with firm counsel may not be privileged, unless we either withdraw from the representation of the client or obtain the client's consent to consult with firm counsel.

We believe that it is in our clients' interest, as well as our firm's interest, that when legal ethics or related issues arise during a representation, we obtain expert analysis of our obligations. Accordingly, You agree that if we determine in our own discretion during the course of the representation that it is either necessary or appropriate to consult with our internal or outside counsel, we have Your consent to do so and that our representation of You shall not, thereby, waive any attorney-client privilege that our firm may have to protect the confidentiality of our communications with counsel.

## Termination of Engagement

You may terminate our services and representation at any time upon written notice to us. Such termination shall not, however, relieve You of the obligation to pay for all services already rendered, including work in progress and remaining incomplete at the time of termination, and to pay for all expenses incurred on Your behalf through the date of termination, all of which will be due and payable immediately upon termination.

We reserve the right to withdraw from our representation in our discretion or as required or permitted by the applicable rules of professional conduct upon written notice to You. In the event that we terminate the engagement, we will take such steps as are reasonably practicable to protect Your interests in the specified matter, and You agree to take all steps necessary to free us of any obligation to perform further, including the execution of any documents necessary to accomplish our withdrawal. We will be entitled to be paid immediately for all services rendered, and costs or expenses incurred on Your behalf, through the date of withdrawal. If permission for withdrawal is required by a court or arbitration panel, we will promptly request such permission, and You agree not to oppose our request. In the event of nonpayment of fees, we shall have a lien on all of Your documents, property of any kind, or money in our possession, custody or control to secure the payment of all sums due under this agreement, and upon property or funds received by You by settlement, judgment, or otherwise relating to any matter in which we provided counsel to You. In addition, any funds or monies recovered by You in one matter for which we have been engaged by You shall be security for the payment of our fees and costs in any other matter for which we have been engaged by You.

In the event You have engaged us on a contingent fee basis, You agree that Your termination of our services to You is without prejudice to any of our rights in respect of fees due to us based on the outcome of the Matter after our termination.

Unless previously terminated, our representation of You in a specified matter will terminate when we send to You our final invoice for services rendered in the matter.

Following termination of our services, at Your request, Your papers and property will be returned to You upon receipt of payment for outstanding fees and costs. We will retain our own

11619744-4



# BERGER SINGERMAN



DR Parent, LLC
August 31, 2022
Engagement of Berger Singerman LLP
Page 11 of 14

files pertaining to the matter. Our own files include, for example, firm administrative records, time and expense reports, personnel and staffing materials, and credit and accounting records; and internal lawyers' work product such as drafts, notes, internal memoranda, and legal and factual research, including investigative reports, prepared by or for the internal use of lawyers. All such documents retained by the Firm will be transferred to the person responsible for administering our records retention program. For various reasons, including the minimization of unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any such documents or other materials retained by us within a reasonable time after the termination of the engagement.

After the conclusion of our representation in a matter, changes may occur in the applicable laws, regulations, facts or circumstances that could have an impact upon Your rights and liabilities. Unless You separately engage us after the conclusion of the matter to provide additional advice on circumstances or issues arising since our earlier representation ended, the Firm has no continuing obligation to advise You or update You with respect to future legal developments, including changes in applicable laws, regulations, facts, or circumstances.

Frequently we produce and disseminate advisories and newsletters, or post information on our website or through social media, or conduct seminars or other presentations, that may offer timely insights and updates on a variety of issues. Information received through these advisories, newsletters or seminars shall not be considered as or constitute legal advice for any particular matter.

### Dispute Resolution Procedures

It is our goal to maintain at all times a constructive and positive relationship with You on the matter described above and on future matters in which we may perform services. However, should a dispute arise between us arising out of or relating to this agreement or any services provided by us to You, in connection with the matter described above or any other matters (including malpractice claims and fee disputes), we believe that a prompt and fair resolution is in the interests of all concerned.

### Voluntary Mediation

At the written request of the Firm or You, a dispute may be submitted to mediation prior to the commencement of any adversarial case between us. Either party may request mediation in writing within ten (10) calendar days following the Firm's notice of invocation of these dispute resolution procedures. If served by first class mail, a notice of a request for mediation shall be considered received by the other party three (3) calendar days after mailing. If the other party within five (5) calendar days after notice does not also agree in writing to mediate, either party may then commence any adversarial case without further delay. If the parties agree to mediate, the mediation shall be completed no later than forty-five (45) calendar days following the initial written request for mediation.

11619744-4





DR Parent, LLC
August 31, 2022
Engagement of Berger Singerman LLP
Page 12 of 14

In the mediation process, the parties will try to resolve their differences voluntarily with the aid of any impartial mediator, who will attempt to facilitate negotiations. The mediator will be selected by agreement of the parties. However, if the parties cannot agree on a mediator, any party may request that JAMS/Endispute designate a mediator.

The mediation will be conducted as specified by the mediator and agreed upon by the parties. The parties agree to discuss their differences in good faith and to attempt, with the assistance of the mediator, to reach an amicable resolution of the dispute.

The mediation will be treated as a settlement discussion. The mediation will be treated as confidential. The mediator may not testify for either party in any later proceeding relating to the dispute. No recording or transcript shall be made of the mediation proceedings.

Each party will bear its own costs in the mediation. The fees and expenses of the mediator will be shared equally by the parties.

If either party fails to strictly follow these mediation procedures, the other party shall be entitled to commence any adversarial proceeding without further delay. The parties may agree to submit their dispute to arbitration.

For collection purposes, we may assign Your account(s) to an entity as permitted by Florida law and the Rules Regulating The Florida Bar, and we may represent that entity in pursuing collection of Your account(s).

Our relationship with You, including the validity, construction and enforceability of this engagement letter, shall be governed by the law and professional conduct rules of Florida, without regard to conflicts of laws principles.





# BERGER SINGERMAN

## *PRIVACY POLICY NOTICE*

Attorneys, like other professionals who advise on personal financial matters, are now required by a new federal law to inform their clients of their policies regarding privacy of client information. Attorneys have been and continue to be bound by professional standards of confidentiality that are even more stringent than those required by this new law. Therefore, we have always protected Your right to privacy.

In the course of providing our clients with income tax, estate tax and gift tax advice, we receive significant personal financial information from our clients. As a client of **Berger Singerman,** we wanted to confirm with You that all information that we receive from You is held in confidence and is not released to people outside the Firm, except as agreed to by You and as required under an applicable law.

We retain records relating to professional services that we provide so that we are better able to assist You with Your professional needs and, in some cases, to comply with professional guidelines. In order to guard Your nonpublic personal information, we maintain physical, electronic and procedural safeguards that comply with our professional standards.

If You have any questions or would like additional information about our privacy policy, please contact:

Jessica Pavlik
Chief Operating Officer
Berger Singerman LLP
201 East Las Olas Boulevard
Suite 1500
Fort Lauderdale, Florida 33301
954.377.0402
jpavlik@bergersingerman.com

11619744-4



DR Parent, LLC
August 31, 2022
Engagement of Berger Singerman LLP
Page 14 of 14

## BERGER SINGERMAN TRUST WIRE INSTRUCTIONS

### Bank Information:

| | |
|---|---|
| Bank Name: | City National Bank |
| Bank Address: | 25 W Flagler Street |
| | Miami, FL  33401 |
| Bank ABA#: | 066004367 |
| Banking SWIFT: | CNBFUS3M |

### Beneficiary Information:

| | |
|---|---|
| Account Name: | Berger Singerman LLP Trust Account |
| Address: | 201 East Las Olas Blvd, Ste. 1500 |
| | Fort Lauderdale, FL  33301 |

Account Number:   1954224510





**EXHIBIT "C"**

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                    Chapter 11 Cases

DELPHI BEHAVIORAL HEALTH                   Case No. 23-_____
GROUP, LLC, *et al.*,[1]

                                                          (Joint Administration Pending)

      Debtors.
_____/

**ORDER APPROVING THE EMPLOYMENT OF PAUL STEVEN SINGERMAN AND
THE LAW FIRM OF BERGER SINGERMAN LLP, AS COUNSEL FOR
DEBTORS-IN-POSSESSION, EFFECTIVE AS OF THE PETITION DATE**

---

[1] The address of the Debtors is 1901 West Cypress Creek Road, Suite 500, Fort Lauderdale, FL 33309.  The last four digits of the Debtors' federal tax identification numbers are: (i) Delphi Behavioral Health Group, LLC (2076), (ii) 61 Brown Street Holdings, LLC (0007), (iii) Aloft Recovery LLC (6674), (iv) Banyan Recovery Institute, LLC (6998), (v) Breakthrough Living Recovery Community, LLC (5966), (vi) California Addiction Treatment Center LLC (7655), (vii) California Vistas Addiction Treatment LLC (8272), (viii) DBHG Holding Company, LLC (6574), (ix) Defining Moment Recovery Community, LLC (3532), (x) Delphi Health BuyerCo, LLC (2325), (xi) Delphi Health Group, LLC (0570), (xii) Delphi Intermediate HealthCo, LLC (6378), (xiii) Delphi Management LLC (6474), (xiv) Desert View Recovery Community, LLC (7437), (xv) DR Parent, LLC (2700), (xvi) DR Sub, LLC (8183), (xvii) Las Olas Recovery LLC (9082), (xviii) Maryland House Detox, LLC (1626), (xix) New Perspectives, LLC (0508), (xx) Next Step Housing LLC (6975), (xxi) Ocean Breeze Detox, LLC (7019), (xxii) Ocean Breeze Recovery, LLC (9621), (xxiii) Onward Living Recovery Community, LLC (4735), (xxiv) Palm Beach Recovery, LLC (4459), (xxv) Peak Health NJ, LLC (7286), (xxvi) QBR Diagnostics, LLC (7835), (xxvii) Rogers Learning, LLC (1699), (xxviii) SBH Haverhill, LLC (0971), (xxix) SBH Union IOP LLC (4139), (xxx) Summit at Florham Park, LLC (8226), (xxxi) Summit Behavioral Health Limited Liability Company (3337), (xxxii) Summit Health BuyerCo, LLC (2762), (xxxiii) Summit IOP Limited (4567), and (xxxiv) Union Fresh Start LLC (6841).

11758539-1

**THIS MATTER** having come before the Court for a hearing on _____, 2023, at

_____ _.m. in Fort Lauderdale, Florida upon the *Debtors' Application for Approval of the*

*Employment of Paul Steven Singerman and the Law Firm of Berger Singerman LLP as Counsel to*

*the Debtors-in-Possession, Effective as of the Petition Date* [ECF No. __] (the "Application"), the

*Declaration of Edward A. Phillips in Support of Chapter 11 Petitions and First Day Pleadings* [ECF

No. __] (the "First Day Declaration"), and the *Declaration of Paul Steven Singerman, on Behalf of*

*Berger Singerman LLP, as Proposed Counsel to the Debtors-in-Possession, Effective as of the*

*Petition Date* (the "Singerman Declaration") attached to the Application as **Exhibit "A."**   The

Application requests approval of the Debtors' employment of Berger Singerman LLP to represent

them as general counsel in these chapter 11 cases.  The Court has jurisdiction over the matters raised

in the Application pursuant to 28 U.S.C. §§ 157 and 1334(b).  This is a core proceeding pursuant to

28 U.S.C. § 157(b)(2)(A).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409.  The relief requested in the Application is in the best interests of the Debtors, their estates and

creditors.  The Singerman Declaration makes relevant disclosures as required by Fed. R. Bankr. P.

2014 and Fed. R. Bankr. P. 2016.  The Singerman Declaration contains a verified statement as

required by Fed. R. Bankr. P. 2014 demonstrating that Paul Steven Singerman and Berger

Singerman LLP are disinterested as required by 11 U.S.C. § 327(a).  Pursuant to 11 U.S.C. § 327(a),

Fed. R. Bankr. P. 2014(a) and Local Rule 2014-1(A), the Court is authorized to grant the relief

requested in the Application.  Upon the record herein, and after due deliberation thereon, good and

sufficient cause exists for the granting of the relief as set forth herein.  Accordingly, it is hereby

**ORDERED** that:

1.      The Application is **APPROVED.**

2.      The employment by the Debtors, as debtors-in-possession, of Paul Steven Singerman

and the law firm of Berger Singerman LLP, as general counsel in these chapter 11 cases is

**APPROVED** pursuant to 11 U.S.C. § 327(a).

3.      The employment of Paul Steven Singerman and the law firm of Berger Singerman

LLP by the Debtors shall be effective as of the Petition Date.[2]

4.      Berger Singerman LLP shall apply for compensation and reimbursement of costs,

pursuant to 11 U.S.C. §§ 330 and 331, at its ordinary rates, as they may be adjusted from time to

time, for services rendered and costs incurred on behalf of the Debtors.  Berger Singerman LLP will

apply for compensation and reimbursement of costs and shall comply with the *Guidelines for*

*Applications for Compensation in Large Chapter 11 Cases.*

5.      This Court shall retain jurisdiction to hear and determine all matters arising from or

related to the implementation of this Order.

# # #

Submitted by:
Paul Steven Singerman, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:   singerman@bergersingerman.com

*(Attorney Singerman is directed to serve this order upon all non-registered users who have yet to*
*appear electronically in this case and file a conforming certificate of service.)*

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

11758539-1                                                  3