UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| DELPHI BEHAVIORAL HEALTH GROUP, LLC, *et al.*,[1] | Case No. 23-_____ |
| Debtors. | (Joint Administration Pending) |
| _____/ | |

**SUPPLEMENTAL DECLARATION OF HARVEY TEPNER IN SUPPORT OF
DEBTORS' EXPEDITED MOTION FOR ENTRY OF AN ORDER
(I) AUTHORIZING AND APPROVING THE DEBTORS' ENTRY INTO
THE STALKING HORSE BID AGREEMENT WITH THE STALKING HORSE
BIDDER, SUBJECT TO THE BIDDING PROCEDURES AND THE SALE
HEARING, (II) APPROVING BIDDING PROCEDURES, (III) SCHEDULING
THE BID DEADLINES AND THE AUCTION, (IV) SCHEDULING A HEARING
TO CONSIDER THE TRANSACTION, (V) APPROVING THE FORM AND
MANNER OF NOTICE THEREOF, (VI) APPROVING CONTRACT PROCEDURES,
(VII) APPROVING A DEADLINE FOR INTERESTED PARTIES
TO SUBMIT BIDS TO PURCHASE ANY OF THE DEBTORS' REMAINING
ASSETS WHICH ARE NOT PURCHASED ASSETS SUBJECT TO THE
STALKING HORSE BID AGREEMENT, AND (VIII) GRANTING RELATED RELIEF**

HARVEY TEPNER, pursuant to 28 U.S.C. § 1746, declares as follows:

1. My name is Harvey Tepner. I am over the age of 18 and competent to testify.

---

[1] The address of the Debtors is 1901 West Cypress Creek Road, Suite 500, Fort Lauderdale, FL 33309. The last four digits of the Debtors' federal tax identification numbers are: (i) Delphi Behavioral Health Group, LLC (2076), (ii) 61 Brown Street Holdings, LLC (0007), (iii) Aloft Recovery, LLC (6674), (iv) Banyan Recovery Institute, LLC (6998), (v) Breakthrough Living Recovery Community, LLC (5966), (vi) California Addiction Treatment Center, LLC (7655), (vii) California Vistas Addiction Treatment, LLC (8272), (viii) DBHG Holding Company, LLC (6574), (ix) Defining Moment Recovery Community, LLC (3532), (x) Delphi Health BuyerCo, LLC (2325), (xi) Delphi Health Group, LLC (0570), (xii) Delphi Intermediate HealthCo, LLC (6378), (xiii) Delphi Management LLC (6474); (xiv) Desert View Recovery Community, LLC (7437), (xv) DR Parent, LLC (2700), (xvi) DR Sub, LLC (8183), (xvii) Las Olas Recovery, LLC (9082), (xviii) Maryland House Detox, LLC (1626), (xix) New Perspectives, LLC (0508), (xx) Next Step Housing, LLC (6975), (xxi) Ocean Breeze Detox, LLC (7019), (xxii) Ocean Breeze Recovery, LLC (9621), (xxiii) Onward Living Recovery Community, LLC (4735), (xxiv) Palm Beach Recovery, LLC (4459), (xxv) Peak Health NJ, LLC (7286), (xxvi) QBR Diagnostics, LLC (7835), (xxvii) Rogers Learning, LLC (1699), (xxviii) SBH Haverhill, LLC (0971), (xxix) SBH Union IOP, LLC (4139), (xxx) Summit at Florham Park, LLC (8226), (xxxi) Summit Behavioral Health, LLC (3337), (xxxii) Summit Health BuyerCo, LLC (2762), (xxxiii) Summit IOP Limited (4567), and (xxxiv) Union Fresh Start, LLC (6841).

2. On August 29, 2022, I was appointed as the independent manager of DR Parent, LLC, one of the above-captioned Debtors. I work with companies and certain institutional investors on matters relating to capital structure, corporate restructuring and business strategy. Principally, I perform these duties by serving as an independent director on the boards of public and private companies. Since 2016, I have served on more than 15 boards including Clear Channel Outdoor Holdings, Inc., Contura Energy, Inc. (renamed Alpha Metallurgical Resources, Inc.), Core-Mark Holding Company, Inc., Nine West Holdings, Inc., Serta Simmons Bedding, LLC and Village Roadshow Entertainment Group. Prior to this I was a former senior executive of WL Ross & Co., LLC ("WL Ross"), an alternate asset manager and private equity firm and a general partner of the WL Ross private equity funds where I was responsible for sourcing, structuring and managing investments in select portfolio companies, and equity and distressed debt securities. Prior to my employ by WL Ross, I served for more than 20 years as an investment banker at Rothschild, Dillon, Read & Co., Loeb Partners and Compass Advisors, where I specialized in bankruptcies, including but not limited to the sales of numerous business entities in chapter 11 bankruptcy cases, corporate restructuring and troubled company acquisitions and divestitures. In total, I have assisted in restructuring over $30 billion of liabilities in more than 75 transactions. I began my career as a public accountant with what is now PricewaterhouseCoopers.

3. I submit this supplemental declaration (the "Supplemental Declaration") in further support of the *Debtors' Expedited Motion for Entry of an Order (I) Authorizing and Approving the Debtors' Entry into the Stalking Horse Bid Agreement with the Stalking Horse Bidder, Subject to the Bidding Procedures and the Sale Hearing, (II) Approving Bidding Procedures, (III) Scheduling the Bid Deadlines and the Auction, (IV) Scheduling a Hearing to Consider the Transaction, (V) Approving the Form and Manner of Notice Thereof, (VI) Approving Contract*

*Procedures, (VII) Approving a Deadline for Interested Parties to Submit Bids to Purchase Any of the Debtors' Remaining Assets Which Are Not Purchased Assets Subject to the Stalking Horse Bid Agreement, and (VIII) Granting Related Relief*, filed concurrently herewith (the "<u>Motion</u>").[2]

4. Except as otherwise indicated, all facts set forth in this Supplemental Declaration are based upon my personal knowledge of the Debtors' operations and finances, personal knowledge gleaned during the course of my engagement with the Debtors, my discussions with the Debtors' senior management and its professionals, my review of relevant documents, or my opinion based upon experience, knowledge, and information concerning the Debtors' operations and financial affairs. I am authorized to submit this Supplemental Declaration by the Debtors. If called upon to testify, I could and would testify competently to the facts set forth herein.

### THE DEBTORS PREPETITION MARKETING EFFORTS LEADING TO THE STALKING HORSE BID AGREEMENT AND THE SELECTION OF THE STALKING HORSE BIDDER

5. The Debtors, in the exercise of their reasonable business judgment, have determined after a thorough prepetition strategic review and marketing process that the most effective way to maximize the value of the Debtors' estates for the benefit of their stakeholders is to seek bankruptcy protection and to sell the Purchased Assets through the Sale pursuant to section 363 of the Bankruptcy Code. In order to satisfy the requirements of the DIP Facility, to maintain the support of the DIP Lenders, clients and vendors, and to retain the Debtors' employee base, the Debtors have determined that it is in the best interests of the Debtors and their estates to move expeditiously with a sale process, as described in the Motion.

6. On June 28, 2022, the Debtors retained FTI Consulting, Inc. ("<u>FTI</u>") to provide the Debtors with certain advisory and consulting services, specifically to assist management and the

---

[2] Any capitalized term not explicitly defined herein shall have the meaning ascribed to it in the Motion.

3

board with identifying, planning and implementing strategic alternatives, including, as applicable, marketing the Debtors' business or assets for sale.

7. Consistent with terms of the retention of FTI, the Debtors began a formal marketing process during August, 2022, to sell the Debtors' business or assets, including but not limited to the Purchased Assets. During its retention, FTI approached 54 potential purchasers between August and December, 2022, including both strategic and financial buyers. After its initial reach out, FTI then contacted additional potential purchasers during the second half of October, 2022 that FTI identified in the behavioral space segment of the economy in which the Debtors operate.

8. As a result of these efforts, the Debtors executed confidentiality agreements with 15 potential interested parties, all of whom were provided preliminary confidential information through access to a virtual data room maintained by the Debtors. FTI undertook diligence calls and meetings with all 15 parties during August through December, 2022, to facilitate the diligence needed to submit non-binding proposals.

9. The Debtors ultimately received six non-binding letters of intent between October and December, 2022, for various combinations of assets. In the Debtors' reasonable business judgment, the Debtors have decided to move forward with the Sale transaction proposed in the Stalking Horse Bid Agreement, subject to the Bidding Procedures and the Sale Hearing, as the most effective way to maximize the value of the Debtors' estates for the benefit of their stakeholders.

10. During the Debtors' cases, I will lead additional marketing of the Debtors' assets during the postpetition period with the support of the Debtors and their professionals with the goal of obtaining competing bids by the Bid Deadline that will occur during the latter part of March, 2023. To the best of my knowledge, all entities that could potentially offer attractive bids for the

Purchased Assets have been contacted prepetition by FTI or the Debtors, have been offered access to the diligence materials contained in the e-data room (if they signed a confidentiality agreement), and have been given numerous opportunities to convey their interest in the Debtors. As a part of the postpetition marketing process, the Debtors will also consult with any official committee of creditors appointed in these bankruptcy cases and will reach out to any additional parties interested in submitting bids for the Purchased Assets that such committee suggests should be contacted.

11. I believe that the marketing period, which will have spanned more than seven months covering the period both before the commencement of, and during, these bankruptcy cases by the time any proposed Auction is held during late March, 2023, represents a reasonable and sufficient period during which to solicit bids on the Purchased Assets, and that such marketing efforts will be sufficient to ensure the highest or otherwise best offer.

12. I also believe that the Bidding Procedures negotiated with the Stalking Horse Bidder will result in the highest or otherwise best offer for the Purchased Assets.

[This section intentionally left blank]

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 4, 2023.

_____
Harvey Tepner