UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                             Chapter 11 Cases

DELPHI BEHAVIORAL HEALTH                      Case No. 23-10945-PDR
GROUP, LLC, *et al.*,[1]
                                                                   (Jointly Administered)
         Debtors.
_____/

**EXPEDITED MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER
(I) AUTHORIZING THE DEBTORS TO FILE UNDER SEAL CERTAIN
SCHEDULES TO THE PROPOSED STALKING HORSE BID AGREEMENT,
AND (II) DIRECTING PARTIES TO REDACT CONFIDENTIAL INFORMATION**

**The Debtors Request the Court to Schedule the Hearing on this Motion
on Monday, March 6, 2023 at 11:00 a.m.**

**Statement of Exigent Circumstances**

The Debtors respectfully request the Court conduct an expedited hearing on this Motion on Monday, March 6, 2023, at 11:00 a.m. concurrently with the hearing that the Court has already scheduled [ECF No. 80] to consider the *Debtors' Expedited Motion for Entry of an Order (I) Authorizing and Approving the Debtors' Entry into the Stalking Horse Bid Agreement with the Stalking Horse Bidder, Subject to the Bidding Procedures and the Sale Hearing, (II) Approving Bidding Procedures, (III) Scheduling the Bid Deadlines and the Auction, (IV) Scheduling a Hearing to Consider the Transaction, (V) Approving the Form and*

---

[1] The address of the Debtors is 1901 West Cypress Creek Road, Suite 500, Fort Lauderdale, FL 33309. The last four digits of the Debtors' federal tax identification numbers are: (i) Delphi Behavioral Health Group, LLC (2076), (ii) 61 Brown Street Holdings, LLC (0007), (iii) Aloft Recovery LLC (6674), (iv) Banyan Recovery Institute, LLC (6998), (v) Breakthrough Living Recovery Community, LLC (5966), (vi) California Addiction Treatment Center LLC (7655), (vii) California Vistas Addiction Treatment LLC (8272), (viii) DBHG Holding Company, LLC (6574), (ix) Defining Moment Recovery Community, LLC (3532), (x) Delphi Health BuyerCo, LLC (2325), (xi) Delphi Health Group, LLC (0570), (xii) Delphi Intermediate HealthCo, LLC (6378), (xiii) Delphi Management LLC (6474), (xiv) Desert View Recovery Community, LLC (7437), (xv) DR Parent, LLC (2700), (xvi) DR Sub, LLC (8183), (xvii) Las Olas Recovery LLC (9082), (xviii) Maryland House Detox, LLC (1626), (xix) New Perspectives, LLC (0508), (xx) Next Step Housing LLC (6975), (xxi) Ocean Breeze Detox, LLC (7019), (xxii) Ocean Breeze Recovery, LLC (9621), (xxiii) Onward Living Recovery Community, LLC (4735), (xxiv) Palm Beach Recovery, LLC (4459), (xxv) Peak Health NJ, LLC (7286), (xxvi) QBR Diagnostics, LLC (7835), (xxvii) Rogers Learning, LLC (1699), (xxviii) SBH Haverhill, LLC (0971), (xxix) SBH Union IOP LLC (4139), (xxx) Summit at Florham Park, LLC (8226), (xxxi) Summit Behavioral Health Limited Liability Company (3337), (xxxii) Summit Health BuyerCo, LLC (2762), (xxxiii) Summit IOP Limited (4567), and (xxxiv) Union Fresh Start LLC (6841).

1

*Manner of Notice Thereof, (VI) Approving Contract Procedures, and (VII) Approving a Deadline for Interested Parties to Submit Bids to Purchase Any of the Debtors' Remaining Assets Which Are Not Purchased Assets Subject to the Stalking Horse Bid Agreement, and (VIII) Granting Related Relief* [ECF No. 21] (the "Bidding Procedures Motion") because the relief requested in this Motion is directly related to certain relief being requested in the Bidding Procedures Motion. The Debtors also respectfully request that the Court waive the provisions of Local Rule 9075-1(B), which requires an affirmative statement that a *bona fide* effort was made in order to resolve the issues raised in this Motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.

The above-captioned, affiliated, debtors and debtors-in-possession (collectively, the "Debtors"), by and through their undersigned proposed counsel, file this expedited motion (the "Motion") seeking the entry of an order, substantially in the form attached hereto as **Exhibit "A"** (the "Proposed Order"): (a) authorizing, but not directing, the Debtors to file under seal certain schedules (the "Confidential Schedules") to the Stalking Horse Bid Agreement (as defined below); (b) directing parties to redact confidential information set forth in the Confidential Schedules in any subsequent filings; and (c) granting related relief. In support of the Motion, the Debtors respectfully state as follows:[2]

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of the Debtors' bankruptcy cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Debtors consent to the entry of a final order on this Motion if it is determined that the Court, absent consent of the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Bidding Procedures Motion (as defined below).

parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2.      The statutory predicates for the relief requested herein are sections 105(a) and 107(b)–(c) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## PROCEDURAL BACKGROUND

3.      On February 6, 2023 (the "Petition Date"), each of the Debtors commenced the above-captioned bankruptcy cases by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      As of the date of this Motion, no trustee, examiner or statutory committee has been appointed in the Debtors' bankruptcy cases.

6.      For a detailed description of the Debtors, the circumstances leading to the commencement of these bankruptcy cases and information regarding the Debtors' businesses and capital structure, the Debtors respectfully refer the Court and parties-in-interest to the *Declaration of Edward A. Phillips in Support of Chapter 11 Petitions and First Day Filings* [ECF No. 9] (the "First Day Declaration") filed contemporaneously with this Motion and incorporated herein by reference.[3]

---

[3] The First Day Declaration and other relevant case information is available on the following website maintained by the Debtors' claims and noticing agent, Epiq, at https://dm.epiq11.com/case/delphihealth/info.

**SALE BACKGROUND**

7. On the Petition Date, the Debtors filed the Bidding Procedures Motion.

8. On the Petition Date, the Debtors also filed the *Debtors' Motion for Entry of an Order (i) Approving Stalking Horse Bid Agreement and Authorizing the Sale of Certain Assets of the Debtors Outside the Ordinary Course of Business, (ii) Authorizing the Sale of Assets Free and Clear of All Claims and Liens Except for Permitted Liens, Encumbrances and Assumed Liabilities, (iii) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (iv) Granting Related Relief* [ECF no. 23] (the "Sale Motion").

9. Attached as Exhibit "A" to the Sale Motion is the original form of the proposed *Asset Purchase Agreement* (the "Original Stalking Horse Bid Agreement") between and among three of the Debtors (each, a "Seller" and collectively, the "Sellers")[4], Lender AcquisitionCo, LLC (together with its permitted successors, designees and assigns, whether by sale, contribution, merger or otherwise, and each of their respective affiliates, collectively, the "Stalking Horse Bidder") and Brightwood Loan Services LLC (solely for the purposes stated expressly in the Stalking Horse Bid Agreement, the "Administrative Agent"), for the sale of the Purchased Assets. The Original Stalking Horse Bid Agreement did not include the schedules referenced therein.

10. Concurrently with the filing of this Motion, the Debtors have filed with the Court a notice [ECF No. 111] with a revised *Asset Purchase Agreement* between and among (i) the Sellers, (ii) the Stalking Horse Bidder,[5] (iii) DR Parent, LLC, a Delaware limited liability company

---

[4] The Sellers are the following Debtors: (i) Union Fresh Start LLC (d/b/a Serenity at Summit); (ii) Summit Behavioral Health Limited Liability Company (d/b/a Summit Behavioral Health Princeton Junction); and (iii) SBH Haverhill, LLC (d/b/a Serenity at Summit New England).

[5] At the time of the filing of the Original Stalking Horse Bid Agreement, the legal entity for the Stalking Horse Bidder was in the process of being formed by the Buyer and a placeholder name, "Lender AcquistionCo, LLC"

4

11929170-4

(solely for the purposes stated expressly therein), and (iv) the Administrative Agent (the "Stalking Horse Bid Agreement"). The Stalking Horse Bid Agreement includes substantially all of the schedules.

11. The Confidential Schedules to the Stalking Horse Bid Agreement comprise a critical component of the proposed sale transaction between the Sellers and the Buyer, and at the Sellers' request and agreed to by the Stalking Horse Bidder, the Debtors hereby seek authority to seal the Confidential Schedules.

12. Specifically, the Confidential Schedules include: (i) certain private, pre-petition employment agreements between a number of employees of the Debtors (Schedule 2.3(e)); (ii) certain executory contracts that may be rejected by the Debtors (Schedule 2.5(i)); (iii) a confidential allocation methodology for allocating the purchase price among the Purchased Assets for tax purposes (Schedule 3.3); (iv) threatened litigation (Schedule 4.3); (v) confidential information regarding Sellers' consents and approvals (Schedule 4.5); (vi) a private description of a prepetition security breach issue (Schedule 4.8(d)); (vii) details regarding employee benefit plans which are not publicly available (Schedule 4.9(a) and attachment); (viii) a confidential 45-page employee census (Schedule 4.10(a)); (ix) private collective bargaining information (Schedule 4.10(b)); and (x) a threatened action regarding a former employee (Schedules 4.10(d) and 4.12).[6]

13. A hearing to consider the relief requested in the Bidding Procedures Motion is scheduled for March 6, 2023, at 11:00 a.m. (ET) [ECF No. 80]. At the hearing to consider the

---

was used. On February [16], 2023, the Buyer formed the Stalking Horse Bidder as "Delphi Lender AcquisitionCo LLC", a Delaware limited liability company.

[6] In addition, there is a schedule listing bank accounts which the Debtors have redacted all but the last four numbers (Schedule 6.14).

Bidding Procedures Motion, the Debtors will seek the Court's authorization and approval to enter into the Stalking Horse Bid Agreement, subject to the Bidding Procedures and the Sale Hearing.

## RELIEF REQUESTED

14. By this Motion, the Debtors seek entry of the Proposed Order, substantially in the form attached hereto as **Exhibit "A"**: (i) authorizing, but not directing, the Debtors to file under seal the Confidential Schedules to the Stalking Horse Bid Agreement; (ii) directing parties to redact confidential information set forth in the Confidential Schedules in any subsequent filings; and (iii) granting related relief.

15. Upon written request, the Debtors will provide unredacted copies of the Confidential Schedules on a confidential basis to the Office of the United States Trustee (the "U.S. Trustee"), counsel to any appointed official committee of unsecured creditors (the "Creditors' Committee"), and any Preliminary Interested Investor (as such term is defined in the proposed Bidding Procedures) who enters into an appropriate non-disclosure agreement acceptable with the Debtors.

16. The Debtors also request the Court to schedule the hearing on this Motion concurrently with the Bidding Procedures Motion on March 6, 2023 at 11:00 a.m. (ET) [ECF No. 80], as the relief requested herein is directly related to that part of the relief requested by the Debtors in the Bidding Procedures Motion to approve entry by the Debtors into the Stalking Horse Bid Agreement, subject to the Bidding Procedures and the Sale Hearing.

## BASIS FOR RELIEF REQUESTED

17. Section 107(b) of the Bankruptcy Code enables the Court to issue orders that protect parties from the potential harm that could result from disclosing confidential information:

6

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

18. Bankruptcy Rule 9018 provides the procedures by which a party may seek relief under section 107(b) of the Bankruptcy Code:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

19. If the Court finds that an interested party is requesting information covered by section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). Put otherwise, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." *Id.* at 28. "Courts have supervisory power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *In re Global Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).

20. One category of information within the scope of section 107(b) of the Bankruptcy Code is "commercial information," which courts have defined as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006)

11929170-4

(quoting *Orion Pictures*, 21 F.3d at 27–28).  Further, the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury."  *Global Crossing Ltd.*, 295 B.R. at 725.  Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code.  *See Orion Pictures*, 21 F.3d at 27-28 (holding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information is wishes to seal is "confidential" and "commercial" in nature).

21.     Sufficient cause exists for the Court to permit the filing of the Confidential Schedules under seal.  The Confidential Schedules contain sensitive non-public, commercial information, the disclosure of which could harm the Debtors' estates.  Specifically, as noted above, the Confidential Schedules include: (i) certain private, pre-petition employment agreements between a number of employees of the Debtors (Schedule 2.3(e)); (ii) certain executory contracts that may be rejected by the Debtors (Schedule 2.5(i)); (iii) a confidential allocation methodology for allocating the purchase price among the Purchased Assets for tax purposes (Schedule 3.3); (iv) threatened litigation (Schedule 4.3); (v) confidential information regarding Sellers' consents and approvals (Schedule 4.5); (vi) a private description of a prepetition security breach issue (Schedule 4.8(d)); (vii) details regarding employee benefit plans which are not publicly available (Schedule 4.9(a) and attachment); (viii) a confidential 45-page employee census (Schedule 4.10(a)); (ix) private collective bargaining information (Schedule 4.10(b)); and (x) a threatened action regarding a former employee (Schedules 4.10(d) and 4.12).[7]

---

[7] In addition, there is a schedule listing bank accounts which the Debtors have redacted all but the last four numbers (Schedule 6.14).

11929170-4

22.     The information contained in the Confidential Schedules consists of private, commercial information with respect to the Debtors, their employees and employee-related issues, their contracts, tax allocations, threatened litigation, and required consents to the proposed sale, all of which could give a competitor a significant and unfair advantage to the detriment of the Debtors' business, the proposed going-concern sale, and all parties in interest in these chapter 11 cases.

23.     For the above reasons, the Debtors respectfully request that the Court permit the Debtors to file the Confidential Schedules under seal, thereby protecting the sensitive and highly confidential commercial information contained therein.  To the extent that parties file responsive pleadings to this Motion, the Debtors respectfully request the Court to order such parties to redact any information regarding the Confidential Schedules in their pleadings, without the need for further orders from the Court.  As noted above, upon written request, the Debtors will provide unredacted versions of the Confidential Schedules on a confidential basis to the U.S. Trustee, counsel to any Creditors' Committee, and any Preliminary Interested Investor (as such term is defined in the proposed Bidding Procedures) who enters into an appropriate non-disclosure agreement acceptable with the Debtors.

24.     As stated above, the Debtors also believe that cause exists to schedule the hearing on this Motion concurrently with the Bidding Procedures Motion on March 6, 2023 at 11:00 a.m. (Prevailing Eastern Time) [ECF No. 80], as the relief requested herein is directly related to that part of the relief requested by the Debtors in the Bidding Procedures Motion to approve entry by the Debtors into the Stalking Horse Bid Agreement, subject to the Bidding Procedures and the Sale Hearing.

**WHEREFORE**, the Debtors respectfully request the Court to: (a) grant this Motion; (b) enter the Proposed Order granting the relief requested herein; and (c) grant such other and further relief as the Court deems just and proper.

Dated: February 20, 2023

Respectfully submitted,

BERGER SINGERMAN LLP
*Proposed Counsel for the Debtors and Debtors-in-Possession*
1450 Brickell Avenue, Suite 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By:  *Christopher Andrew Jarvinen*
      Paul Steven Singerman
      Florida Bar No. 0378860
      singerman@bergersingerman.com
      Christopher Andrew Jarvinen
      Florida Bar No. 021745
      cjarvinen@bergersingerman.com

# **EXHIBIT A**

**Proposed Order**

11929170-4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| DELPHI BEHAVIORAL HEALTH GROUP, LLC, *et al.*,[1] | Case No. 23-10945-PDR |
| | (Jointly Administered) |
| Debtors._____/ | |

# ORDER GRANTING
# EXPEDITED MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER

---

[1] The address of the Debtors is 1901 West Cypress Creek Road, Suite 500, Fort Lauderdale, FL 33309. The last four digits of the Debtors' federal tax identification numbers are: (i) Delphi Behavioral Health Group, LLC (2076), (ii) 61 Brown Street Holdings, LLC (0007), (iii) Aloft Recovery LLC (6674), (iv) Banyan Recovery Institute, LLC (6998), (v) Breakthrough Living Recovery Community, LLC (5966), (vi) California Addiction Treatment Center LLC (7655), (vii) California Vistas Addiction Treatment LLC (8272), (viii) DBHG Holding Company, LLC (6574), (ix) Defining Moment Recovery Community, LLC (3532), (x) Delphi Health BuyerCo, LLC (2325), (xi) Delphi Health Group, LLC (0570), (xii) Delphi Intermediate HealthCo, LLC (6378), (xiii) Delphi Management LLC (6474), (xiv) Desert View Recovery Community, LLC (7437), (xv) DR Parent, LLC (2700), (xvi) DR Sub, LLC (8183), (xvii) Las Olas Recovery LLC (9082), (xviii) Maryland House Detox, LLC (1626), (xix) New Perspectives, LLC (0508), (xx) Next Step Housing LLC (6975), (xxi) Ocean Breeze Detox, LLC (7019), (xxii) Ocean Breeze Recovery, LLC (9621), (xxiii) Onward Living Recovery Community, LLC (4735), (xxiv) Palm Beach Recovery, LLC (4459), (xxv) Peak Health NJ, LLC (7286), (xxvi) QBR Diagnostics, LLC (7835), (xxvii) Rogers Learning, LLC (1699), (xxviii) SBH Haverhill, LLC (0971), (xxix) SBH Union IOP LLC (4139), (xxx) Summit at Florham Park, LLC (8226), (xxxi) Summit Behavioral Health Limited Liability Company (3337), (xxxii) Summit Health BuyerCo, LLC (2762), (xxxiii) Summit IOP Limited (4567), and (xxxiv) Union Fresh Start LLC (6841).

11929170-4

### (I) AUTHORIZING THE DEBTORS TO FILE UNDER SEAL CERTAIN SCHEDULES TO THE PROPOSED STALKING HORSE BID AGREEMENT, AND (II) DIRECTING PARTIES TO REDACT CONFIDENTIAL INFORMATION

**THIS MATTER** came before this Court on March 6, 2023 at 11:00 a.m. in Fort Lauderdale, Florida (the "Hearing"), upon the request of the above-captioned, affiliated, debtors and debtors-in-possession to the *Expedited Motion of the Debtors for Entry of an Order (I) Authorizing the Debtors to File Under Seal Certain Schedules to the Stalking Horse Bid Agreement, and (II) Directing Parties to Redact Confidential Information* [ECF No. __] (the "Motion").[2] The Motion seeks the entry of an order: (a) authorizing, but not directing, the Debtors to file under seal the Confidential Schedules to the Stalking Horse Bid Agreement; (b) directing parties to redact confidential information set forth in the Confidential Schedules in any subsequent filings; and (c) granting related relief. The Court, having considered the Motion, and the arguments of counsel at the Hearing, finds that: (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) notice of the Motion was proper and sufficient under the circumstances and no other or further notice is necessary; (v) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and (vi) the Court having reviewed the Motion, and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, does for the reasons stated in the Motion and on the record of the Hearing, all of which are incorporated herein,

**ORDERS** as follows:

---

[2]    Any capitalized term not explicitly defined herein shall have the meaning ascribed to it in the Motion.

11929170-4

1. The Motion is granted as set forth herein

2. The Debtors are authorized to file under seal the Confidential Schedules filed at ECF No. _____.

3. The Confidential Schedules shall not be made available to anyone, except on a confidential basis to the U.S. Trustee, any counsel to the Creditors' Committee, and any Preliminary Interested Investor (as such term is defined in the proposed Bidding Procedures) who enters into an appropriate non-disclosure agreement acceptable with the Debtors. The Confidential Schedules filed under seal shall not be made available to any other party without the consent of the Debtors or further order of this Court, and all parties receiving the Confidential Schedules shall maintain their confidentiality, including in connection with any pleadings filed with this Court.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. The Debtors are hereby authorized and empowered to take all such actions necessary to implement the relief granted in this Order.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Submitted by:
Christopher Andrew Jarvinen, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile:  (305) 714-4340
Email:  cjarvinen@bergersingerman.com

(Attorney Jarvinen is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)